Dale R. Cockrell
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email:  dcockrell@mcgalaw.com

*Attorneys for Defendants*
*State Farm Mutual Automobile Insurance Company*
*and State Farm Fire and Casualty Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| MARK JOHNSON AND MOLLY JOHNSON, husband and wife, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER,<br><br>Defendants. | Cause No.<br><br><br><br>**NOTICE OF REMOVAL** |

Defendants State Farm Mutual Automobile Insurance Company ("State Farm Auto" and State Farm Fire and Casualty Company ("State Farm Fire") ("collectively "Insurer Defendants"), hereby remove to this court the state court action described

below. This removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441 (a) and (b) and 1453. The grounds for removal are as follows:

1. This is a putative class action which allegedly has more than 100 putative class members and seeks to recover more than $5,000,000.

2. Plaintiffs' *Complaint, Class Action Claims and Jury Demand* ("*Complaint*") is removable under CAFA on its face. Plaintiffs specifically allege minimal diversity, that the amount in controversy exceeds $5 million, and that the class exceeds 100 members. Accordingly, and as all the other CAFA requirements are also met, removal jurisdiction is clearly proper in this court.

3. A list of and copies of all process, pleadings and orders served or filed in this action are attached and filed herewith. *See* Exhibit A.

**I.    Nature of the Case**

4. Plaintiffs filed their *Complaint* in the Montana Eleventh Judicial District Court, Flathead County, Cause No. DV-15-2019-0000934-NE, on September 26, 2019. The Insurer Defendants were served on April 3, 2020.

5. The Insurer Defendants are informed, believe and allege that Mark Johnson and Molly Johnson reside in Flathead County, Montana, and are citizens of the State of Montana.

6. State Farm Auto is not incorporated in the State of Montana and does not have its principal place of business in Montana. Thus, State Farm Auto is not a citizen or resident of Montana under 28 U.S.C. § 1332(c).  State Farm Auto is a corporation incorporated in and has its principal place of business located in the State of Illinois. Therefore, pursuant to 28 U.S.C. §§ 1332(c) and 1441, State Farm Auto is deemed to be a citizen of the State of Illinois.

7. State Farm Fire is not incorporated in the State of Montana and does not have its principal place of business in Montana.  Thus, State Farm Fire is not a citizen or resident of Montana under 28 U.S.C. § 1332(c).  State Farm Fire is a corporation incorporated in and has its principal place of business located in the State of Illinois.  Therefore, pursuant to 28 U.S.C. § 1332(c) and 1441, State Farm Fire is deemed a citizen of the State of Illinois.

8. Plaintiffs allege that Molly Johnson was involved in an automobile accident with defendant Britanie Vanmeter on November 2, 2017 in Flathead County, Montana. *Complaint,* ¶ 7. Plaintiffs allege they were insured by State Farm Auto. *Id.,* ¶ 3. Plaintiffs allege that as a result of the accident, Ms. Johnson suffered bodily injury and they suffered losses, including, but not limited to, property damage to their vehicle, medical expenses, loss of income, loss of earnings and earning capacity, general damages, and attorneys' fees and costs to recover property damages and for personal injury damages recoveries. *Id.*, ¶ 22.

9. Plaintiffs allege State Farm Auto owes underinsured motorist ("UIM") benefits to Ms. Johnson. *Complaint,* ¶¶ 34-38. In addition, Plaintiffs allege that the Insurer Defendants aided and abetted by and conspiring with each other, collected and kept subrogation recovered from Ms. Vanmeter's insurer, GEICO, without the Johnsons being made whole for their losses. *Id.*, ¶¶ 25-27, 41, 54-60.

10. Plaintiffs allege the Insurer Defendants had no legal right to subrogation and failed to conduct a reasonable investigation to determine whether Plaintiffs were or would be made whole, made misrepresentations to Plaintiffs, undermined Plaintiffs' recovery rights to be made whole, and concealed subrogation recovery in violation of § 33-18-201(1), (4), (5) and (6) MCA. *Complaint,* ¶¶ 28, 39-42.

11. Plaintiffs allege that the Insurer Defendants' assertion of subrogation rights was a breach of the State Farm Auto policy and breach of the implied covenant of good faith and fair dealing. *Complaint,* ¶¶ 43-48.

12. Plaintiffs allege that the Insurer Defendants converted to their own use property damage payments made to Plaintiffs without notifying Plaintiffs of the right to be made whole before subrogation and did so with such malice that punitive damages should be assessed against the Insurer Defendants. *Complaint,* ¶¶ 26, 49-53.

13. Plaintiffs allege that the Insurer Defendants' acts and omissions caused Plaintiffs to suffer damages and losses, including from Insurer Defendants' conversion and interference with Plaintiffs' alleged property interests in their cause of action against Ms. Vanmeter and proceeds of their claim against Ms. Vanmeter, together with lost interest and attorney fees. *Complaint,* ¶ 30.

14. Plaintiffs purport to represent a class of individuals: (a) who were insured under any automobile insurance policy issued by one of the Defendants in Montana; (b) who, as a result of an automobile accident, suffered losses covered by such policy; (c) who received payments under the coverages of such policy; (d) with respect to whom, the Defendants recovered subrogation from a third party for some or all of such payments; and (e) the subrogation was recovered not more than eight (8) years preceding the filing of the *Complaint.* *Complaint,* ¶ 61.

15. On behalf of the punitive class, Plaintiffs allege that the Insurer Defendants: (a) failed to conduct the prerequisite made-whole investigation and analysis; (b) obtained and converted proceeds of the improper subrogation; (c) impaired their insureds claims against third-party tortfeasors and their liability coverages, and claims against their liability insurers; (d) delayed the insureds receipt of compensation for the insureds' losses; and (e) violated their insurance contracts with their insureds. *Complaint,* ¶ 62.

16. On behalf of the putative class, Plaintiffs assert the following claims:

(1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unfair claims settlement practices; (4) conversion; (5) "declaratory, injunctive and supplemental relief"; (6) punitive damages; (7) civil conspiracy; (8) aiding and abetting; and (9) attorneys' fees. *Complaint,* ¶¶ 78-111.

## II.   All The Requirements For Removal Under CAFA Are Satisfied.

### A. Class Action

17.   This lawsuit is a putative class action as defined by 28 U.S.C. § 1332(d)(l)(B). A "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.*  The *Complaint* expressly seeks certification of a class of Montana insureds. *Complaint,* ¶¶ 75-77.  As such, Plaintiffs bring this action on behalf of a class as defined by CAFA.

### B. Diversity of Citizenship

18.   As of the date this action and date of this Notice of Removal were filed, a member of the proposed class of plaintiffs and a defendant are citizens of different states, satisfying the minimal diversity requirement of 28 U.S.C. §1332(d)(2)(A). At the time this action and Notice of Removal were filed, the Insurer Defendants were alleged to be and are non-Montana entities and non-Montana citizens. *Complaint,* ¶ 8.  As of the date this action and date of this

Notice of Removal were filed, the named plaintiffs, Mark and Molly Johnson, were alleged to be and are citizens of Montana. *Complaint,* ¶ 1.

### C. Amount in Controversy

19.     CAFA confers original jurisdiction to the district courts "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- any member of the class of plaintiffs is a citizen of a State different from any defendant." *Baumann v. Chase Inv. Services Corp.,* 747 F.3d 1117, 1120 (9th Cir. 2014) *(quoting* 28 U.S.C. § 1332(d)(2)-(A)). A defendant seeking removal of a putative class action must demonstrate, but only by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs., LLC,* 728 F.3d 975, 981 (9th Cir. 2013).

20.     "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289, 58 S. Ct. 586 (1938)); *see also Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the

jurisdictional amount is in controversy.") (quotation marks and citation omitted).

21.     Plaintiffs allege the amount in controversy for the class exceeds $5 million. *Complaint,* ¶ 1.

22.     In addition, on behalf of the putative class, Plaintiffs have specifically demanded attorneys' fees. *Complaint,* ¶¶ 38, 109-111. Where a complaint on behalf of a putative class contains facts that, if proven, would allow statutory attorneys' fees, the court adds those fees to the amount in controversy. *See, e.g., Lowdermilk* v. *US. Bank National Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007), *abrogated on other grounds, Rodriguez, supra; Galt* G/S v. *TSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).

23.     Here, § 27-8-313, MCA statutorily authorizes a claim for attorneys' fees.  Where declaratory relief is sought, in its discretion, a court may award attorneys' fees it deems "necessary or proper". *Id.*

24.     The potential fee award includes fees for the life of the case, which can obviously be substantial. *See, e.g., Burton v. Trinity Universal Ins. Co.,* No. CV 14-242-M-DWM, 2015 WL 774262, *2 (D. Mont. Feb. 24, 2015) (including potential fee award of $1,510,908 in amount in controversy calculation); *Steckmest v. Farmers Ins. Exchange,* No. 12-35-BU, 2013 WL 5234305, *6 (D. Mont. Sept. 17, 2013) ("Farmers argues that '[a] concrete basis

for estimating attorneys' fees in this case is the Ninth Circuit's 'benchmark' for recovery of attorneys' fees in class action cases: 25% of recovery.' Using the amount in controversy as discussed above, attorneys' fees would increase the amount by more than $2 million, which would make the total amount in controversy in excess of $10 million."). Thus, as in *Burton* and *Steckmest,* Plaintiffs' claim for attorneys' fees increases the amount in controversy even further over $5 million. Again, the Insurer Defendants do not concede attorneys' fees would be justified, but the court may properly consider them for purposes of the amount in controversy analysis.

25.  In sum, given Plaintiffs' allegations and all the justifiable extrapolations and calculations set forth above, the minimum jurisdictional amount requirement of $5,000,000 is easily satisfied.

### D.  Number of Proposed Class Members

26.  As required by 28 U.S.C. § 1332(d)(5), the number of members of the putative class here allegedly exceeds 100 persons. *Complaint,* ¶ 70.

### E.  CAFA Applies to this Action.

27.  CAFA applies to actions "commenced" on or after its effective date, February 18, 2005. It applies here because Plaintiffs filed this action in September, 2019.

### III.  THE EXCEPTIONS UNDER CAFA DO NOT APPLY.

28. **The "Local Controversy" Exception Does Not Apply.** CAFA's "local controversy" exception applies only if, among other factors, at least one defendant is a "defendant: (aa) from whom *significant relief* is sought by members of the plaintiff class; (bb) whose *alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class;* and (cc) who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II) (emphasis added). Here, the only Montana defendant is Ms. Vanmeter, and the putative class does not seek any damages from her. *See, e.g., Clay v. Chobani LLC,* No. 14CV2258 BEN DBH, 2015 WL 4743891, *6 (S.D. Cal. Aug. 10, 2015) ("the allegations of the Complaint indicate that the relief sought from Vons and Safeway is 'small change' compared to what is sought from the real defendant, Chobani . . . . The [local controversy] exception does not fit because the real Defendant, Chobani, is not a citizen of California."); *Roppo v. Travelers Insurance Company,* No. 13 C 05569, 2014 WL 3810580, *5 (N.D. Ill. Aug. 1, 2014) (where plaintiff sued tortfeasor's insurer, a foreign defendant, and two local defendants - the tortfeasor's attorney and his law firm - the court rejected plaintiff's contention that the two local defendants were defendants "from whom significant relief is sought by members of the plaintiff class [and] whose alleged conduct forms a significant

basis for the claims asserted," hence CAFA's local controversy exception did not apply); *Martin v. State Farm Mut. Auto. Ins. Co.,* No. 10-0144, 2010 WL 3259418, *8 (S.D. W.Va. Aug. 18, 2010) (where plaintiff asserted claims against a foreign defendant insurer and two of the insurer's agents, both local defendants, local controversy exception did not apply since plaintiff "cannot show that any West Virginia adjuster's conduct formed a significant basis for all the claims asserted.").

29. **The "Home State Controversy" Exception Does Not Apply.** CAFA's "home state controversy" exception requires a court to decline CAFA jurisdiction if "two-thirds or more of all proposed plaintiff classes, and the *primary* defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). Here, Insurer Defendants, unlike the putative class members, are not citizens of Montana and as noted, Ms. Vanmeter is not the primary defendant. *See, e.g., O'Brien v. Hartford Accident & Indem. Co.,* No. CV 15-14-H-CCL, 2016 WL 1117412, *4 (D. Mont. Mar. 22, 2016) (home state controversy exception did not apply where the diverse "Hartford Companies are clearly the primary defendants in this case."); *Martin,* 2010 WL 3259418, *9 (where plaintiff asserted claims against a foreign defendant insurer and two of the insurer's agents, both local defendants, holding "home state" exception did not apply since, as here, the insurer was the only

primary defendant); *Marino v. Countrywide Fin. Corp.,* 26 F. Supp. 3d 949, 954 (C.D. Cal. 2014) (finding "home state" exception did not apply; stating "Plaintiff brings both of his claims against all Defendants and seeks relief collectively from all Defendants. Thus, even if the allegations of misconduct are directed to Countrywide Defendants, Bank of America Defendants are the subject of a significant portion of the claims asserted by Plaintiff. Likewise, although no claim is brought solely against Bank of America Defendants, no claim is brought solely against Countrywide Defendants either, further demonstrating that Bank of America Defendants are primary defendants.").

30. **The Discretionary Exception Does Not Apply.** The discretionary exception to CAFA also does not apply in this case. 28 U.S.C. § 1332(d)(3). Under CAFA, a court may decline to exercise CAFA jurisdiction in its discretion if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the *primary* defendants are citizens of the State in which the action was originally filed[.]" *Id.* (emphasis added). Again, since neither of the "primary defendants" here is a Montana citizen, this exception cannot apply. *See, e.g., Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC,* No. 2:10-CV-00510-GMN, 2011 WL 941079, *6 (D. Nev. Mar. 16, 2011) ("The Court finds that Countrywide is a primary defendant. Countrywide is not a citizen of Nevada and consequently the court

cannot remand this case pursuant to 1332(d)(3).").

## IV. **THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED.**

31. Removal is timely under 28 U.S.C. §§ 1446(b) and 1453, because the *Complaint* in this case is the first pleading, motion, order, or other paper from which it could first be ascertained that this action is one which is or has become removable. The *Complaint* was first served on the Insurer Defendants on April 3, 2020, and this Notice of Removal is filed on May 1, 2020 - within thirty days after service. In addition, venue is appropriate here because plaintiffs reside in this judicial district, and the alleged acts and omissions giving rise to this action occurred here. 28 U.S.C. § 1391.

### CONCLUSION

32. For all the foregoing reasons, the Insurer Defendants respectfully request this court assume full jurisdiction over the cause herein as provided by law. The Insurer Defendants intend no admission of liability by this Notice and expressly reserve all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiffs' pleadings and to the propriety of class certification.

33. Within seven (7) days of the filing of this Notice, the Insurer Defendants will provide a copy of the Notice to the Clerk of District Court of the Montana Eleventh Judicial District Court, as required by Local Rule 3.3(a).

34. Under the provisions of 28 U.S.C. §§ 1332, 1446(b) and 1453 and other applicable statutes, all of which the Insurer Defendants have complied with, this cause is removable to the United States District Court for the District of Montana, Missoula Division.

Dated this 1st day of May, 2020.

                              MOORE, COCKRELL,
                              GOICOECHEA & JOHNSON, P.C.


                              /s/ Dale R. Cockrell
                              Dale R. Cockrell
                              145 Commons Loop, Suite 200
                              P.O. Box 7370
                              Kalispell, Montana 59904-0370
                              Email: dcockrell@mcgalaw.com

                              *Attorneys for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

# CERTIFICATE OF SERVICE

I, Dale R. Cockrell do hereby certify that I served a copy of the forgoing document in the manner indicated below:

| | |
|---|---|
| [ ] U.S. Mail<br>[ ] Federal Express<br>[ ] Hand-Delivery<br>[ ] Facsimile<br>[X] E-Mail | Judah M. Gersh<br>Brian M. Joos<br>VISCOMI, GERSH, SIMPSON & JOOS, PLLP<br>121 Wisconsin Avenue<br>Whitefish, MT 59937<br>gersh@bigskyattorneys.com<br>*Attorneys for Plaintiff* |
| [ ] U.S. Mail<br>[ ] Federal Express<br>[ ] Hand-Delivery<br>[ ] Facsimile<br>[X] E-Mail | Alan J. Lerner<br>LERNER LAW FIRM<br>PO Box 1158<br>Kalispell, MT 59903-1158<br>lerner@lernerlawmt.com<br>*Attorneys for Plaintiff* |
| [ ] U.S. Mail<br>[ ] Federal Express<br>[ ] Hand-Delivery<br>[ ] Facsimile<br>[X] E-Mail | Allan M. McGarvey<br>McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.<br>345 First Ave. E.<br>Kalispell, MT 59901<br>amcgarvey@mcgarveylaw.com<br>*Attorneys for Plaintiff* |

Dated this 1st day of May, 2020.

/s/ Dale R. Cockrell
Dale R. Cockrell
dcockrell@mcgalaw.com