# EXHIBIT A

Flathead County District Court

Roa Listing

DV-15-2019-0000934-NE

| Date | Filing # | Action |
|------|----------|--------|
| | | **Mark Johnson et al.vs.State Farm Fire and Cas. Co. et al.** |
| 03/30/2020 | 4 | Summons Issued on State Farm Mutual Automobile Ins. Co. 03/30/2020 |
| 03/30/2020 | 3 | Summons Issued on State Farm Fire and Cas. Co. 03/30/2020 |
| 03/30/2020 | 2 | Summons Issued on Britanie Vanmeter 03/30/2020 |
| 09/26/2019 | 1 | Complaint, Class Action Claims and Jury Demand (Filed By Joos, Brian on behalf of Johnson, Molly; Johnson, Mark ) 327072 $120.00 |

F I L E D
09/26/2019
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Rachael Woods
DV-15-2019-0000934-NE
Wilson, Dan
1.00

Judah M. Gersh
Brian M. Joos
VISCOMI, GERSH, SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT  59937
(406) 862-7800
gersh@bigskyattorneys.com

Alan J. Lerner
LERNER LAW FIRM
P.O. Box 1158
Kalispell, MT 59903-1158
lerner@lernerlawmt.com

Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.
345 First Ave. E.
Kalispell, MT 59901
amcgarvey@mcgarveylaw.com
Attorneys for Plaintiff

MONTANA ELEVENTH JUDICIDAL DISTRICT COURT,
FLATEHAD COUNTY

| | |
|---|---|
| MARK JOHNSON AND MOLLY JOHNSON, husband and wife, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER, <br> Defendants. | Cause No. DV-15-2019-0000934-NE <br> Judge:  Judge Dan Wilson <br> COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND |

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    1

COME NOW Plaintiffs, Mark Johnson and Molly Johnson, husband and wife (hereafter "Johnsons" or "Plaintiffs" unless otherwise designated), by and through their attorneys of record, and complain and allege as follows:

## JURISDICTION

1.     This Court has jurisdiction over this case.  The amount in controversy for Plaintiffs exceeds $75,000, and for the class exceeds $5 million. The Johnsons are residents and citizens of the State of Montana. The residence and citizenship of Defendant State Farm Mutual Automobile Ins. Co. and Defendant State Farm Fire and Cas. Co. (hereafter "Defendant Insurance Companies" unless otherwise designated) are states other than Montana.  Defendant Britanie Vanmeter (hereafter "Vanmeter") is a resident and citizen of the State of Montana.

## INTRODUCTION

2.     This case asserts claims for breach of contractual and tort duties of the Defendant Insurance Companies owed to Johnsons and similarly situated Montana insureds of the Defendant Insurance Companies. It also asserts a negligence cause of action against Vanmeter.  The duties arose out of an automobile accident in which the Johnsons suffered property damage and Molly Johnson suffered bodily injury through the negligence of Vanmeter, who is insured by GEICO Indem. Co. and against whom the

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                           2

Johnsons assert a cause of action for the injuries and losses sustained in the automobile accident. The automobile accident triggered duties under Plaintiffs' policy. Those coverages include (a) indemnity for property damage losses, (b) medical payment reimbursement, (c) "Underinsured Motorists Coverage," and rights attendant to such coverages, including the right to be made whole before the insureds' tort claim is usurped or interfered with.

3.     After paying benefits under the Johnsons' property damage coverage, Defendant State Farm Mutual Automobile Ins. Co., wrongfully asserted an ownership right in the Plaintiffs' cause of action by an improper assertion of subrogation.

4.     In addition to a breach of contractual duties, the improper subrogation involved elements of (a) an exercise of ownership over Plaintiffs' claim and proceeds thereof, (b) failures to investigate and adjust, (c) deceptive and misleading statements and practices, and (d) cooperative and concerted conduct of all Defendant Insurance Companies, to perpetrate (i) a conversion of Johnson's third party claim, (ii) bad faith in communications and honoring contractual rights, (iii) civil conspiracy and aiding and abetting, and (iv) intentional tortious interference with contract-related duties.

5.     The subrogation conduct alleged herein was part of a system of programmatic assertion of wrongful subrogation, jointly developed and administered by the Defendant

Insurance Companies, for which reason Plaintiffs seek relief for similarly situated victims of the subrogation program through class-wide relief.

6.     This case also asserts the claims arising from Defendant State Farm Mutual Automobile Ins. Co.'s failure to adjust and pay on Plaintiffs' claim for benefits for under-insured losses.

<u>PARTIES AND GENERAL ALLEGATIONS</u>

7.     The collision and litigation on the collision, underlying this case occurred in Flathead County, Montana on November 2, 2017.

8.     Defendant Insurance Companies are corporations existing under the laws of States in the United States of America other than Montana, and have their principal place of business outside of Montana. Defendant Insurance Companies are authorized to transact business in Montana. Defendant Insurance Companies regularly transact business in Montana. Defendant Insurance Companies are jointly, severally and vicariously liable for the acts and omissions of each other on all tort claims.

9.     Defendant Insurance Companies are insurers who issue insurance policies in the State of Montana, and  jointly and programmatically use common subrogation strategy and adjustment procedures described herein.

10.     In addition to the adjustment of Plaintiffs' claims within the state of Montana, Defendant Insurance Companies also jointly adjust and assert automobile subrogation claims in the State of Montana by (a) working together to design the adjustment procedures and subrogation assertion strategies knowingly designed to deprive insureds of their made whole rights; (b) jointly employing claims adjusters under a single jointly administered employment arrangement; (c) jointly training these adjusters to utilize for all such companies the same procedures in adjusting, including the procedures for collection of subrogation arising from damages suffered by Montana insureds; (d) jointly managing and directing these adjusters on specific procedures for asserting subrogation, and adjusting and evaluating subrogation rights, including the procedures for investigation and evaluation of the insureds losses and collection of subrogation arising from damages suffered by Montana insureds; (e) jointly compensating the adjusters for such conduct, and (f) jointly paying to such adjusters bonuses reflecting common profitability experienced by the collective companies through the implementation of the jointly developed and administered adjustment and subrogation strategies.

11.     Defendant Insurance Companies further have engaged in concerted action, with each other in the procedures for collection of subrogation arising from damages suffered by Montana insureds. Through this relationship and direction, both Defendant Insurance

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    5

Companies are "person[s]" under §33-18-201 and §33-1-202, MCA, that owe adjustment duties to Plaintiffs and members of the class. Defendant Insurance Companies have further engaged in concerted action with each other on the adjustment of Plaintiffs' claims and the improper procedures used to usurp plaintiffs' cause of action and collect subrogation arising from damages suffered by Montana insureds.

12.     Defendant Insurance Companies utilize a company transacting business under various names, and companies which utilize the same or substantially the same name or names, which are jointly funded by and act as a common agent for Defendant Insurance Companies. The subrogation language of Defendant Insurance Companies' insurance policies and contracts are identical or substantially identical for all Defendant Insurance Companies. The adjusting procedures for Defendant Insurance Companies are identical, were commonly developed and are jointly administered.

13.     Defendant Insurance Companies are part of a group of businesses conducting business in Montana that aid and abet and conspire with each other with respect to implementing the unlawful subrogation conduct described in this Complaint against all insureds of Defendant Insurance Companies, and are otherwise connected in a common course of conduct and scheme to deny Montana insureds' appropriate benefits through jointly conceived, jointly designed and jointly and knowingly implemented claim usurpation and

claim adjustment including the wrongful collection and conversion of subrogation rights and funds in violation of Montana law.

14. The Defendant Insurance Companies jointly administered the subrogation and claim adjustment practices on Montana claims as part of a common course of conduct and scheme.

15. The acts and omissions relating to Plaintiffs which give rise to this case occurred within Montana and were related to a claim that arose in Flathead County, Montana.

16. Defendant Insurance Companies are jointly and severally liable to Plaintiffs and the class because each was involved in a common scheme, and each aided and abetted the other in the acts and omissions which constitute the basis for this action and by aiding and abetting the unlawful conduct of each company.

17. Defendant Insurance Companies are jointly and severally liable to Plaintiffs and the class and their actions are juridically linked such that resolution, including declaratory and remedial relief with respect to the propriety of the conduct alleged, with respect to one defendant is necessarily a resolution with respect to all such defendants and all class members. This Court should address the class claims against all defendants based on the adequate juridical link that exists.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    7

**18.**     In addition, all Defendant Insurance Companies are jointly and severally liable to Plaintiffs and the class under the theory of civil conspiracy, and the elements of Montana law, as set forth in more detail below.

**19.**     Plaintiffs had an insurance policy with State Farm Mutual Automobile Ins. Co., and a claim and adjusting relationship with Defendant Insurance Companies, as a first party insured in regards to property damage and other casualty insurance coverage. All insureds in the class are situated and treated similarly.

**20.**     Molly Johnson also has underinsured motorist coverage with State Farm Mutual Automobile Ins. Co.

**21.**     This case against Defendant Insurance Companies arises in part under the insurance policy contract and the statutory claims adjustment duties and tort duties under Montana's Unfair Trade Practices Act, set forth by §33-18-201 and §33-18-242, MCA, and common law.

**22.**     Molly Johnson suffered bodily injury and the Plaintiffs suffered damage to their property in an automobile accident that occurred in Flathead County, Montana, on November 2, 2017. Specifically, as a result of the collision, Plaintiffs suffered losses, including, but not limited to:

- The total loss of Plaintiffs' vehicle in an amount greater than that paid pursuant the Physical Damage Coverages under the terms of Plaintiffs' policy with State Farm Mutual Automobile Ins. Co.;

- Other property losses not included in such Physical Damage Coverages, for which losses Plaintiffs have not been compensated;

- Losses and detriments resulting from the tortious destruction of the vehicle including loss of value of second set of tires, loss of value of prepaid taxes and registration fees;

- Expense of temporary replacement vehicle and rental charges and loss of use;

- Expenses in securing a replacement vehicle for the loss of their automobile including costs of travel-related time and expenses associated with locating and securing a suitable replacement vehicle;

- Attorney fees and costs of securing recovery (from the tortfeasor and her insurer) for property damage recoveries;

- Medical expenses;

- Resulting loss of income from employment;

- Loss of earnings and earning capacity to be determined;

- General damages for the personal injuries;

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                     9

•     Attorney fees and costs of securing recovery (from the tortfeasor and her insurer) personal injury damage recoveries.

23.     Plaintiffs have not been made whole for either the items of property damage or the items of personal injury losses detailed in the preceding paragraph.

24.     Plaintiffs have unrecovered property damage losses as well as unrecovered bodily injury losses with respect to which they were dependent on (a) their cause of action against Vanmeter, and GEICO to the extent of its coverage limits, (b) the proceeds paid by the tortfeasors or their insurer on that cause of action, and (c) the underinsured coverage under Plaintiffs' insurance contract with State Farm Mutual Ins. Co.

25.     State Farm Mutual Automobile Ins. Co., aided by, abetted by, and conspiring with, the other Defendant Insurance Company, knowingly usurped and asserted an interest in the Plaintiffs' cause of action against Vanmeter, and collected and kept subrogation from the at fault driver's insurer (GEICO) without Plaintiffs being made whole for either their bodily injury or property damage losses, including property damage losses not covered by the State Farm Mutual Automobile Ins. Co.'s policy, the attorney fee and costs that will be required to recover those losses and Molly Johnson's bodily injury damages and losses and, the attorney fees and expenses required to recover those losses.

26.     State Farm Mutual Automobile Ins. Co. paid Plaintiffs benefits under the Plaintiffs' property coverage and medical payment coverage, but paid no other property or bodily injury losses. Without notifying Plaintiffs of the insureds' right to be made whole before subrogation, State Farm Mutual Automobile Ins. Co. asserted a subrogation interest in Plaintiffs' cause of action against Vanmeter and her insurer and proceeded to collect and convert to its own use the full amount of the property damage payments State Farm Mutual Automobile Ins. Co. had made to Plaintiffs.

27.     Plaintiffs had not been made whole for either their property damage or bodily injury at the time the subrogation was asserted and subrogation payments were received by State Farm Mutual Automobile Ins. Co., and have not been made whole at the time of the filing of this Complaint. Plaintiffs have been deprived of the benefit of the coverages for which they paid State Farm Mutual Automobile Ins. Co. a premium, and have suffered their cause of action being impaired and the denial of the full (net) benefit of their contractual coverages.

28.     The Defendant Insurance Companies failed to conduct a reasonable investigation to determine if Plaintiffs would be or were made whole, in violation of §33-18-201 (4), MCA. The Defendant Insurance Companies misrepresented facts regarding the insurance policy by a deceptive scheme of using a hidden procedure to intentionally usurp the insured's cause of action for its own benefit, undermine its insureds' rights to be made whole

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                              11

before collecting and keeping subrogation, by concealing its subrogation recovery from its own insured, by asserting the misrepresentation that there is a coverage limitation for losses payable by a tortfeasors' liability insurance, which representations and concealments and scheme, each and collectively constitute a violation of §33-18-201 (1), MCA. Defendant Insurance Companies failed and neglected to attempt, in good faith, to negotiate a prompt, fair and equitable settlement of (a) their alleged subrogation interest in Plaintiffs' claim against a third party and (b) Molly Johnson's under insured claim, in violation of §33-18-201 (6), MCA. State Farm Mutual Automobile Ins. Co and the Insurance Defendant Companies violated §33-18-201 (4) and (5), MCA by failing to pay on Molly Johnson's under insured claim without conducting a sufficient investigation to substantiate a basis for such failure, and by failing to timely affirm under insured coverage. Defendant Insurance Companies violated other subsections of §33-18-201, MCA, as well.

29.     Defendant Insurance Companies violated Montana's clear and well-established law and public policy by collecting and retaining a premium for property and casualty coverages while asserting and maintaining a claim to an absolute right to collect and keep subrogation from third-parties who are liable to the insured without the insured being made whole, and without first making a determination of the insured's unrecovered losses as required by Montana law.

**30.**     As a result of the Defendant Insurance Companies' acts and omissions, Plaintiffs have suffered damages to their cause of action, delay in learning of the impairment to their cause of action, delay of compensation for the losses sustained in the automobile accident, and have suffered State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' conversion of, and interference with (a) the Johnson's property interest in their cause of action against Vanmeter, and (b) proceeds of Johnson's claim against Vanmeter, together with lost interest and attorney fees.

## COUNT ONE

### (Negligence against Defendant Vanmeter)

32.     This Count is against Defendant Vanmeter.    Plaintiffs incorporate each allegation in the paragraphs above.

33.     Vanmeter was negligent in causing the automobile accident in the operation of her motor vehicle, and her negligence caused damages to Johnsons in an amount to be determined by the Jury.    Vanmeter is liable to Johnsons for all damage caused by her negligence.

## COUNT TWO

### (Under-Insured Coverage Claim against State Farm Mutual Automobile Ins. Co.)

34.     Plaintiffs incorporate each allegation in the paragraphs above.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                          13

35. Molly Johnson has underinsured coverage with State Farm Mutual Automobile Ins. Co.

36. Vanmeter's coverage limits are inadequate to cover Molly Johnson's bodily injury damages. Molly Johnson is therefore entitled to benefits under her underinsured coverage with State Farm Mutual Automobile Ins. Co.

37. State Farm Mutual Automobile Ins. Co. has made no payment and no offer of payment under the underinsured coverage of its policy.

38. State Farm Mutual Automobile Ins. Co. is liable to Molly Johnson for such amount as the Jury finds are due under the terms of the under insured coverage up to the limits of that coverage. State Farm Mutual Automobile Ins. Co. is further liable to Molly Johnson for her reasonable attorney fees and costs of suit.

## COUNT THREE

### (Statutory Insurance Bad Faith against the Defendant Insurers)

39. Plaintiffs incorporate each allegation in the paragraphs above.

40. The acts and omissions of Defendant Insurance Companies constitute statutory insurance bad faith under §33-18-242, MCA, for the violations of the provisions of §33-18-201 described in Paragraph 28 above.

41.     Defendant Insurance Companies acted in concert, aided and abetted each other, and combined in a civil conspiracy, when pursuing on a programmatic basis the wrongful subrogation conduct alleged above so as to violate the provisions §33-18-201 MCA , such that all said companies are jointly and severally liable for those violations.

42.     Plaintiffs have been damaged by said violations of §33-18-201, MCA , and have been deprived of (a) the benefit of their insurance contract with State Farm Mutual Automobile Ins. Co., (b) the full benefit of an unimpaired cause of action against the tortfeasor, and under the GEICO policy. They have also suffered delay in the resolution of their claims and the need to hire an attorney to recover what was wrongfully denied and delayed. State Farm Mutual Automobile Ins. Co.'s failure to attempt to settle Molly Johnson's underinsured claim has caused losses including attorney fees incurred to remedy the wrongs, and lost interest and time value of money. Defendant Insurance Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA, such that punitive damages should be assessed against Defendant Insurance Companies pursuant to Montana law, for  which they should be held jointly and severally liable.

<u>COUNT FOUR</u>

(Breach of the Insurance Policy Contract and Implied Covenant of Good Faith)

43.     Plaintiffs incorporate each allegation in the paragraphs above.

44.    The insurance contract provides that State Farm Mutual Automobile Ins. Co. may be subrogated to Plaintiffs' rights to recover from a third party tortfeasor and its insurer. The contract provision allowing such subrogation must be construed in conformance with Montana law, and would be in violation of Montana public policy to the extent that it were construed or applied to allow subrogation before compliance with Montana's made-whole rule. Subrogation in violation of this made-whole rule violates Montana public policy and is unenforceable regardless of any contract language providing to the contrary.

45.    Defendant Insurance Companies' programmatic assertion of a subrogated right arising from an automobile accident with a third party before the insured has been made whole for all losses and costs of recovery, including State Farm Mutual Automobile Ins. Co.'s assertion of subrogation to Plaintiffs' cause of action against Vanmeter, violates Montana public policy and breaches the terms of the insurance contract as conformed to the requirements of Montana law. Such subrogation also breaches the contract by depriving Defendant Insurance Companies' insureds of the coverage for which they paid a premium and by failing to indemnify the risk they were paid to insure.

46.    The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies in its and their actions, misrepresentations and concealment

in respect to subrogation all as described above, also constitute breach of the implied and express covenants of the insurance policy contract. Specifically, implied in the insurance contract it made with Johnsons, is State Farm Mutual Automobile Ins. Co.'s covenant not to conceal, misrepresent, or assert utterly unjustifiable positions of law contrary to clear and well established authority in order to deny its insured the benefit of that contract. Also implied is the covenant to attempt to timely investigate, reasonably negotiate and attempt to settle claims under State Farm Mutual Automobile Ins. Co.'s under insurance coverage.

48.   Plaintiffs have also been damaged by breach of the policy's implied covenant of good faith and fair dealing with respect to State Farm Mutual Automobile Ins. Co.'s and Defendant Insurance Companies' subrogation conduct. Specifically, Plaintiffs were deceived and to discover that they had been deprived of (a) the benefit of their insurance contract with State Farm Mutual Automobile Ins. Co., (b) the benefit of an unimpaired cause of action against the tortfeasor, and (c) the benefit of full (not depleted) liability coverage under the GEICO policy. Plaintiffs have also suffered delay in the resolution of their claims and the need to hire an attorney to recover what was wrongfully denied and delayed. These losses include distress, attorney fees incurred to remedy the wrongs, and lost interest and time value of money.

## COUNT FIVE

### (Conversion)

49.     Plaintiffs incorporate each allegation in the paragraphs above.

50.     The "subrogation" collected from Vanmeter's liability insurer (GEICO) by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies is a usurpation of, and exertion of control over Plaintiffs' cause of action and proceeds thereof, and constitutes a conversion of the Plaintiffs' property rights. Such usurpation and assertion of control is without authority under clear Montana law because the insurer has failed (a) to make an investigation and determination of all of the losses of the insured, and (b) to assure that the Plaintiffs have been made whole for all their damages as recognized by Montana law.

51.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have not met either prerequisite to subrogation.  They have not attempted to investigate, evaluate or quantify the amount of Plaintiffs' losses which are outside of the coverage's provided by State Farm Mutual Automobile Ins. Co. The Plaintiffs have not been made whole. Still, by design and implementation of a wrongful subrogation program, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have usurped and converted the Plaintiffs' cause of action and converted the proceeds of Plaintiffs' cause of action, namely the funds collected from the tortfeasors' liability insurer, to their use, and have

used the funds and earnings thereon as their own rather than as the property of the Plaintiffs , and have done so without giving notice so that the conversion would be hidden.

52.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies unlawfully converted Plaintiffs' funds and have damaged the Plaintiffs in the amount of the converted subrogation recovery and interest upon that amount at the rate allowed by Montana law until the amount is returned to the Plaintiffs. State Farm Mutual Automobile Ins. Co. and Defendant Insurance Companies are liable to Plaintiffs for such damages, plus interest and attorney fees.

53.     The conversion of the insured's rights and the concealment were done with actual malice such that assessment of punitive damages should be made against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies.

## COUNT SIX

### (Civil Conspiracy)

54.     Plaintiffs incorporate each allegation in the paragraphs above. This Count is not herein described as a separate tort but rather as a statement of grounds to establish the joint and several liability of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies.

56.     The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies constitute a civil conspiracy: (a) by reason of the fact that the Defendant Insurance Companies jointly created, financed and administered a wrongful subrogation program (with a goal to assert subrogation without complying with Montana's made-whole rule so that the insurers could deprive their insureds of their rights under their policies and/or their tort causes of action), and the Defendant Insurance Companies constitute two or more defendants who have joined together to commit that wrong; (b) all Defendant Insurance Companies jointly sought to accomplish the goal of collecting subrogation from third parties before Plaintiffs and other Montana insureds were made whole in order to gain advantage of the improperly taken subrogation recoveries, and the defendants did so by working together through common agents, manuals, directives and a subrogation program design, with a goal of mutual benefit to each company participating in the wrongful program; (c) all Defendant Insurance Companies agreed on the goal stated above and on the methods of joint administration of a single subrogation grogram to accomplish said goal; (d) all Defendant Insurance Companies committed numerous acts in furtherance of the goal of obtaining subrogation through methods in direct conflict with the requirements of Montana's made-whole rule including each company's participation in the design of the program, each company's directions to and training of common agents, each company's

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    20

payment of the costs of administering the program, each company's usurpation of insureds cause of actions through such jointly trained, directed and paid agents, and each company's receipt of and use of funds obtained through the wrongful subrogation program;   (e)   Plaintiffs were damaged as described above when the jointly designed, financed and implemented joint subrogation program was used to take away Plaintiffs' claims and recoveries from Vanmeter and GEICO.

57.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA. Punitive damages should be jointly and severally assessed against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies pursuant to   Montana law.

COUNT SEVEN

(Aiding and Abetting)

58.     Plaintiffs incorporate each allegation in the paragraphs above. This Count is not herein described as a separate tort but rather as a statement of the basis to establish the joint and several liability of the State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies.

59.     The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies constitute aiding and abetting each other in the commission

of the wrongs set forth herein, so as to create joint and several liability under § 876 of the Restatement (Second) of Torts, because, by reason of the specific facts alleged above, all Defendant Insurance Companies (a) acted act in concert with each other and pursuant to a common design to obtain the benefit of a wrongful subrogation program with knowledge that the wrongful subrogation program and procedures violated Montana's made-whole rules, (b) deprived their insureds of the benefit of their insurance contract, wrongfully impaired their insureds' claim against tortfeasors, depleted the tortfeasors' liability insurance, and converted to the Defendant Insurance Companies the proceeds of the insureds' claim against the tortfeasors. All Defendant Insurance Companies are jointly and severally liable to Johnsons for all damages awarded by the Jury.

60.     The Defendant Insurance Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA, such that punitive damages should be jointly and severally assessed against the Defendant Insurance Companies pursuant to Montana law.

## COUNT EIGHT

### (Class Claims)

61.     Plaintiffs incorporate all of the foregoing paragraphs in these class claims and state that the allegations are hereby incorporated in each separate claim and count for relief

asserted by the class. Plaintiffs brings this action as a class action on behalf of individuals and commercial and other entities defined as follows:

- Who were insured under an auto insurance policy issued by State Farm Mutual Automobile Ins. Co. or one of the Defendant Insurance Companies in Montana;

- Who, as a result of an auto accident, suffered losses covered by such policy;

- Who received payments under the coverages of such policy;

- With respect to whom one or more of the Defendant Insurance Companies recovered, under a claim of subrogation, from a third party for some or all of such payments;

- With respect to whom the subrogation was recovered by the insurer not more than eight (8) years preceding the filing of the Complaint in this action.

62.     For each member of the class, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies recovered and withheld subrogation in derogation of their insureds' rights under Montana law by

- failing to conduct the prerequisite made-whole investigation and analysis;

- improperly usurping and asserting a right to the insured's claim and cause of action against third party tortfeasors and their liability insurers;

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    23

- obtaining and converting proceeds of the improper subrogation and converting the same to their own use;

- impairing their insureds claim against the tortfeasor and her liability coverages;

- delaying the receipt of compensation for the insureds' losses; and

- violating the contract provision for subrogation as conformed to Montana public policy and depriving the insureds of the benefit of their contract of insurance with State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies.

63.     The policy language and incorporated terms including the mandatory provisions of Montana's made whole rule, under which subrogation arises, and with respect to which subrogation is permitted and constrained, is identical for all class members.

64.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have treated all class members according to the same pattern and program of subrogation. State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' subrogation-related conduct described herein was jointly and programmatically designed and implemented to convert and take advantage of the insureds' third party claims, to violate the subrogation provision of the insurance contract (including the incorporated

made whole limitation thereon), and to deprive the insureds of their contractual rights to benefits under the contract and to be made whole before subrogation was pursued.

65.     For each member of the class State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies (a) commonly evaluate and adjust claims, including an identical and programmatic procedure for evaluating the availability and amount of subrogation arising from such claims, (b) use commonly developed adjusting procedures, and (c) employ commonly developed and identical policy construction and application, including policy provisions which apply to subrogation or reimbursement for benefits paid to insureds.

66.     For all class members, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies and have pursued a commonly developed course or conduct in respect to the issues raised by this case. Specifically, when designing and implementing the wrongful subrogation program, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies commonly utilized as agents companies or individuals transacting business under various names or which utilize the same or substantially the same name, which companies' and agents' activities are jointly funded by all Defendant Insurance Companies and utilize the commonly developed subrogation scheme and procedures. State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are jointly and severally liable to the class because each was involved in a

common scheme, and each aided and abetted the other in the acts and omissions which make up the basis for this action and by aiding and abetting the unlawful conduct of each company.

67.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are also jointly and severally liable to the class and subject to common class adjudication because of the juridical link between these defendant companies and their conduct of subrogation such that resolution of the propriety of the conduct alleged with respect to one defendant and its insureds (including declaratory and appropriate remedial relief) is necessarily a resolution with respect to all such defendants and their insureds.

68.     In addition, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are jointly and severally liable to each class member under the same grounds of conspiracy, and aiding abetting as detailed in the allegations above on behalf of Plaintiffs.

69.     The Johnsons (Plaintiffs) are members of the class they seek to represent.

70.     The individuals in the class defined above number in the hundreds and are so numerous that individual joinder of class members as plaintiffs is impracticable.

71.     There are questions of law and fact common to each member of the class, including, but not limited to: (a) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' failure to correctly apply subrogation was a violation of

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                        26

substantially identical insurance policy provisions and Montana's made-whole rule, (b) whether the subrogation program and execution thereof constituted violations of the Unfair Claim Settlement Practices Act; (c) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' failure to investigate and adjust based on their insureds' "made whole" rights constituted violations of the implied contractual covenant of good faith and fair dealing common to the insurance policies and/or denial of the benefit of coverages under the Defendant Insurance Companies policies; (d) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' conduct was malicious warranting the assessment of punitive damages; (e) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' usurpation of their insureds' causes of action and/or collection and retention of the wrongful subrogation constituted conversion of the class members' property; (f) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' conduct constitute violation of MCA Sec. 33-18-201 and 242 as specified in in this Complaint; and (g) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' application of contract provisions dealing with subrogation were reasonable and authorized by Montana law.

72.     The claims for breach of contract, breach of the implied contractual covenant of good faith and fair dealing, breach of the Unfair Claim Settlement Practices Act, and Conversion stated by Plaintiffs are typical of the corresponding claims of the all class members.

73.     Plaintiffs have retained experienced class action and insurance litigation counsel and will fairly and adequately protect the interests of the class.

74.     Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications of the duties and remedies with respect to breach of the insurance contract, the implied contractual covenant of good faith and fair dealing, and the unfair claim settlement practice duties and conversion alleged herein, such that class certification is appropriate under Rule 23(b)(1), M.R.Civ.P.

75.     Adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other class members so as to substantially impair or impede their ability to protect their interests without class certification, and would create the risk of incompatible standards of conduct for defendant, such that class certification is appropriate under Rule 23(b)(1), M.R.Civ.P.

76.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have engaged in a pattern of asserting and recovering subrogation without

respect to whether their insureds have been made whole in-a manner which is essentially identical with respect to all class members, and have acted and refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the class as a whole, such that class certification is appropriate under Rule 23(b)(2), M.R.Civ.P., and, alternatively under Rule 23(b)(3), M.R.Civ.P.

77.     The issue of punitive damages should be certified under Rule 23(b)(3) and/or Rule 23(c)(4), with notice and opt-out provided for the class members. Punitive damage assessment and recovery should be implemented by way of ancillary relief to a court-ordered return of improperly taken subrogation to the insureds who owned the claim against tortfeasors. The actual damage caused to each member of the class will thereby be exactly quantified. In addition, the question of "actual malice" is common to all class members and predominates. In the alternative, the common question as to whether the insurers; programmatic conduct constituted actual malice should be certified as a class action with respect to the common question pursuant to Rule 23(c)(4).

### FIRST CLASS CLAIM

(Breach of Insurance Contract)

78.     Plaintiffs incorporate each allegation in the paragraphs above.

79.     Common to each insurance contract is identical language or substantially identical language, identical mandatory policy provisions, and identical equitable limitations to contract provisions regarding State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' rights of subrogation.

80.     The insurance contract for each class member provides that State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies may be subrogated to Plaintiffs' rights to recover from a third party tortfeasor and its insurer. The contract provision allowing such subrogation would be in violation of Montana public policy to the extent that it were construed or applied to allow subrogation before the claimant has been made whole as described in Montana law. Subrogation in violation of this made-whole rule violates Montana public policy and is unenforceable regardless of any contract language providing to the contrary.

81.     State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' assertion of a subrogated right arising from an automobile accident with a third party before the insured has been made whole for all losses and costs of recovery, such as the assertion of subrogation to Plaintiffs' cause of action against Vanmeter and each class member, violates Montana public policy and breaches the terms of the insurance contract as conformed to the requirements of Montana law.  Such subrogation

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    30

also breaches the contract by depriving State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' insureds of the coverage for which they paid a premium and by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies failing to indemnify the risk they were paid to insure.

82.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies failed and/or refused to ensure that the class members, their insureds, had been made whole before asserting and recovering subrogation, and recovered, and continued to withhold from its insureds and use for State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' own benefit, subrogation to which the defendants were not entitled.

83.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies thereby breached and continue to breach the insurance contract and policy provisions common to each class member, including that, by reimbursing itself out of the proceeds of the insureds' third party claim, each Defendant Insurance Company has deprived each class member insured of the benefit of the coverages the insureds had contracted for and paid a premium for.

84.     As a direct and proximate result thereof, Plaintiffs and each class member have losses under State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance

Companies' policies in the amount of the subrogation, together with interest thereon, taken before a valid and appropriate determination that the insured had been made whole, such that Plaintiffs and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

85.    Plaintiffs have standing to assert these claims on behalf of the class against State Farm Mutual Automobile Ins. Co. as insureds and against the Defendant Insurance Companies pursuant to the doctrines of juridical link, aiding and abetting and tortuously interfering with contract duties and civil conspiracy.

<u>SECOND CLASS CLAIM</u>

(Breach of Implied Contractual Covenant of Good Faith and Fair Dealing)

86.    Plaintiffs incorporate each allegation in the paragraphs above.

87.    In every insurance contract in Montana including each of the class members' insurance contracts with State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, there is an implied covenant of good faith and fair dealing.

88.    By failing to disclose to their insureds the fact of the defendants' subrogation or the legal limitations on subrogation under defendants' policies, by concealing from their insureds their recovery of subrogation directly from the third party or the third party's insurer, by failing to investigate and evaluate the insured's lack of a net recovery compensating the

insured for all damages necessary to make the insured whole, and by programmatically designing and implementing their subrogation policies and procedures (a) to impair and usurp their insureds' claim against the tortfeasor, (b) to convert the proceeds of such claims to the use of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, and (c) to deprive their insureds of their rights to be made whole before State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies collected any subrogation, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies deprived their insureds of the benefit of the insurance contract and breached the implied covenant of good faith and fair dealing.

89.     As a direct and proximate result of the breach of the contracts and breach of the implied covenant of good faith and fair dealing, Plaintiffs and each class member have sustained and continue to sustain losses under their rights under State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' policies and their claims against the tortfeasors causing their respective automobile accidents in the amount of the subrogation, together with interest thereon, which subrogation was taken before a valid and substantiated determination that the insured had been made whole, such that Plaintiffs and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

## THIRD CLASS CLAIM

### (Unfair Claim Settlement Practices)

90.     Plaintiffs incorporate each allegation in the paragraphs above.

91.     By asserting a right to subrogation without disclosing the legal limitations on subrogation under the Plaintiffs' and the class members' policies, by concealing from their insureds their recovery of subrogation directly from the third party's insurer, by misrepresenting their claimed right to subrogation as arising from a non-existent coverage limitation, by misrepresenting the required elements of the made-whole rule including a claimed exclusion therefrom of the insureds' attorney fees, by failing to investigate and evaluate the insured's lack of sufficient recovery of all damages (net of attorney fees) necessary to make the insured whole, and/or by programmatically designing and implementing their subrogation policies and procedures to deprive their insureds of the benefit of their contract and their rights to be made whole before State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies collected any subrogation, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies violated §33-18-201 (1), (4) and (6), MCA, such that Plaintiffs and each class member, as first party claimants, are entitled to declaratory, supplemental, equitable and injunctive relief to enforce the duties imposed thereby.

92.     As a direct and proximate result of such violations of §33-18-201, MCA, Plaintiffs and each class member's rights under that statute, including the right to accurate portrayal of the insurance contract provisions and the made-whole rule, have been and are being impaired, and their third party causes of action and proceeds thereon have been and are being impaired usurped and converted, such that Plaintiffs' and each class member is entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

## FOURTH CLASS CLAIM

### (Conversion)

93.     Plaintiffs incorporate each allegation in the paragraphs above.

94.     State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' acts and omissions constitute unlawful conversion of Plaintiffs' and the class members' property right in their claims against third party tortfeasors and proceeds of such claims. State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, however, assert and continue to assert control over such claims and proceeds necessitating a determination of whether such claims and proceeds belong to State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies or have been converted.

95.     Plaintiffs and the class members have suffered conversion in the amount of funds unlawfully taken by State Farm Mutual Automobile Ins. Co. and the Defendant

Insurance Companies and interest thereon at the rate allowed by Montana law until repaid, and are entitled to declaratory, supplemental, equitable and injunctive relief regarding ownership of the claim and proceeds, and return of the converted funds with interest, such that Plaintiffs and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

## FIFTH CLASS CLAIM

### (Declaratory, Injunctive, and Supplemental Relief)

96.     Plaintiffs incorporate each allegation in the paragraphs above.

97.     Plaintiffs and each member of the class are interested persons under the above-described written contracts of insurance, including the specific contract provisions pertaining to subrogation and including the implied and mandatory provisions of such contracts all of which are substantially identical for all class members. Plaintiffs and each class member are affected by the interpretation and application of such contract and policy provisions, and have a right to, and need for, a declaration of rights, duties, status, legal relations and remedies under such common contract provisions.

98.     Plaintiffs and each member of the class are further interested parties under the statutory and common law duties above-described, including (a) the right to be made whole before subrogation is pursued, (b) the right to good faith claim handling, (c) the right not to

have their claims against tortfeasors (and proceeds thereof) converted to the insurer's use, (d) the right to timely and accurate disclosure of the insurer's assertion of subrogation, and (e) the right to timely and accurate disclosure of the basis for any assertion of a subrogation right and the limitations to subrogation under the made-whole rule, such that Johnsons and each class member has a right to a declaration of rights, status, legal relations and remedies under such legal duties.

99.     Plaintiffs and each member of the class are entitled to injunctive and supplemental relief including, but not limited to,

(a) an injunction against further assertion of subrogation in contravention of Montana's "made-whole" rule;

(b) injunctive relief preventing the insurers' continued retention of wrongfully converted subrogation proceeds and wrongful earnings thereon;

(c) an order of restitution of subrogation proceeds plus interest or earnings thereon;

(d) an order requiring return, to Plaintiffs and each class member, of all subrogation, together with interest from the time the subrogation was taken, obtained by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, together with an order enjoining any reassertion of any

subrogation right until such time if any as State Farm Mutual Automobile Ins. Co. and the Defendant insurance companies can and do make timely (1) appropriate disclosures of the insureds right to recover all elements of loss, including loss of use of the vehicle, diminished value of repaired vehicle and costs for recovery, and (2) an appropriate made whole investigation and determination pursuant to Montana law.

(e) an order requiring State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies to timely disclose, in advance, the insurer's intent to assert a subrogation claim, which disclosure includes a statement of the basis in the insurance policy for such assertion and the limitations thereto under the made whole rule; and,

(f) an order from this Court enjoining State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies not to collect or retain subrogation until the insurer has completed an investigation which provides a reasonable basis for identifying and quantifying the amount of their insureds unrecovered losses.

(g) an order of restitution compelling State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies to return all wrongful subrogation collected with interest thereon at the rate allowed by Montana law;

(h) attorney fees; and

(i) such other supplemental relief as is necessary to make this Court's declaration effective and/or is proper in law or equity.

100.     Plaintiffs and each member of the class are entitled to declaratory relief including a ruling that (a) all subrogation amounts taken before the insureds' losses were accounted for and the insureds' were made whole, together with interest or earnings thereon, are and remain the property of the insured; (b) State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies subrogation taken to their own use before a valid and appropriate made whole determination had been made pursuant to Montana law constituted a conversion; and (c) State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies subrogation practices constitute a violation of the insurance contracts' implied covenants and statutory adjustment duties.

## SIXTH CLASS CLAIM

### (Punitive Damages)

101.     Plaintiffs incorporate each allegation in the paragraphs above.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                   39

102.     State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' misrepresentations, concealment, failures to investigate and adjust and other tortious conduct alleged herein, with respect to the programmatic pursuit of subrogation and the impairment and conversion of their insureds' cause of action and proceeds thereof without assuring that the insureds had been made whole, was done with knowledge that it violated the requirements of the made-whole rule and that the insureds would be harmed by the impairment of their third party claims and with malice, as defined by §27-1-221, MCA, such that punitive damages should be assessed against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies in an amount sufficient to punish, deter and make example State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' wrongdoing and in an amount that is proportional to the amount of subrogation recoveries improperly taken by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies or, alternatively, that the issues of State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' "actual malice" are tried as a class issue pursuant to Rule 23 (c)(4).

SEVENTH CLASS CLAIM

(Civil Conspiracy)

103.     Plaintiffs incorporate each allegation in the paragraphs above.

104.    This Count is not included as a separate tort but rather is to describe the basis for joint and several liability of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies for the relief sought in the class claims.

105.    The acts and omissions of the defendants with respect to the concerted and programmatic assertion of subrogation with respect to all insureds constitute a civil conspiracy for the reasons set forth in Plaintiffs' corresponding individual claims stated above.

## EIGHTH CLASS CLAIM

### (Aiding and Abetting)

106.    Plaintiffs incorporate each allegation in the paragraphs above.

107.    This Count is not included as a separate tort but rather is to describe the basis for joint and several liability of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies for the conduct of its subrogation program.

108.    The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies constitute aiding and abetting each other in the conduct of its subrogation program for the reasons set forth in Plaintiffs' corresponding individual claims stated above.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    41

## NINTH CLASS CLAIM

### (Attorney Fees)

109.   Plaintiffs incorporate each allegation in the paragraphs above.

110.   State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' programmatic subrogation conduct was and is unreasonable and unjustifiable and forced the institution of this litigation to compel State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies to conform to the clear requirements of Montana law.

111.   State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are liable for Plaintiffs' and the Class' attorney fees.

### PRAYER

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

### FOR PLAINTIFFS INDIVIDUAL CLAIMS.

1.   For all contract damages described herein.

2.   For all consequential damages.

3.   For all special damages determined by the jury.

4.   For all general damages determined by the jury.

5.      For all prejudgment interest due under Montana law as restitution and/or as damage.

6.      For assessment of punitive damages against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies in such amounts as the jury determines proper in accordance with Montana law.

7.      For costs and disbursements in this action.

8.      For such attorney fees as may be due under Montana law.

9.      An award of damages against Vanmeter for all losses sustained in the automobile accident along with appropriate pre-judgment interest as provided by Montana law;

10.     For such other and further relief as is deemed due by this Court.

FOR THE CLASS CLAIMS:

Plaintiffs further pray on behalf of the class as follows:

11.     For declaratory rulings that;

- Each class member is entitled to the benefit of proper application of Montana's made whole rule,

- the defendant insurers must, before asserting subrogation, (a) conduct an investigation to substantiate a reasonable basis for quantifying each element of

their insureds losses, deductibles and costs and attorney fees of collection, and (b) assure that the insured is made-whole for all such losses,

- the subrogation recoveries, together with interest earnings thereon, obtained without completing the prerequisite made-whole investigation and quantification, are and remain the property of the insureds;

- The required made whole investigation and determination must be based on objective quantification of each element of damage an insured suffered, including, but not limited to, any medical expenses (past and future), lost wages, bodily injury (including but not limited to permanent impairment, pain, suffering, present and future loss of earning capacity, necessary purchases, the value of services supplied or purchased, loss of established course of life, and emotional distress), cost of repair or replacement for the damaged vehicle, loss of use for time it would take to complete repairs or obtain replacement vehicle for totaled cars, residual diminution in value of repaired vehicles, the loss of personal property in the automobile, and other property loss damages sustained in the auto accident;

- The insurers' failure to investigate and objectively quantify all such losses and assure that the insured has been made whole for all such losses before asserting

a claim as subrogee of the insureds' claim constitutes a conversion of the insured's property right, a violation of the claim handling requirements of §33-18-201, a deprivation of the benefit of the insurance contract, and a breach of the covenant of good faith and fair dealing in such insurance contract.

12.    For orders enjoining State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies (a)   to stop recovery of subrogation without first completing the prerequisite made-whole analysis and assuring the insured have recovered all further losses, (b) to return all subrogation collected before the proper made whole investigation and analysis had been completed, together with earnings thereon or interest at the rate allowed by Montana law from the date the subrogation was first collected, (c) to identify and locate each member of the class described herein, (d) to disclose to each class member of their rights to be made whole before subrogation attaches, (e) not to assert or reassert any subrogation claim with respect to class members' unless having first timely apprised the insured, in writing, of the intent to assert subrogation, with a disclosure of the insured's right to be made whole, and a full explication of the insurer's made whole calculation, including each of the elements of loss, and (f) an order enjoining assertion or reassertion of subrogation claims which are untimely and/or have deprived or impaired the Plaintiffs and class members of the

ability to defend against the insurers' subrogation claims in their causes of action against the automobile accident tortfeasor.

13.     For a judgment assessing punitive damages on behalf of the class in an amount sufficient to punish, deter, and make an example of State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' wrongful conduct, which amount is proportional to the amount of the converted subrogation, or, alternatively, for a determination that State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies' programmatic conduct was "actually malicious" such that each class member is entitled to punitive damage award proportionate to the amount of subrogation secured through the wrongful program.

14.     For judgment for pre- and post-judgment interest, litigation expenses, and attorney fees.

15.     For such other, further and supplemental relief as the Court and/or jury deem appropriate for the benefit of the class, including all such further supplemental relief as may be appropriate.

16.     For such other and further legal and equitable relief as is proper in the premises.

Dated this 26th day of September, 2019.

           LERNER LAW FIRM;
           VISCOMI, GERSH, SIMPSON & JOOS, PLLP; and
           McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.


           By:  /s/ Brian M. Joos

           Co-Counsel for Plaintiff


## JURY DEMAND

Plaintiffs and the class demand trial by jury on all legal issues.

Dated this 26th day of September, 2019.

           LERNER LAW FIRM;
           VISCOMI & GERSH, PLLP; and
           McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.


           By:  /s/ Brian M. Joos

           Co-Counsel for Plaintiff

Judah M. Gersh
Brian M. Joos
VISCOMI, GERSH, SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT  59937
(406) 862-7800
gersh@bigskyattorneys.com

Alan J. Lerner
LERNER LAW FIRM
P.O. Box 1158
Kalispell, MT 59903-1158
lerner@lernerlawmt.com

Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.
345 First Ave. E.
Kalispell, MT 59901
amcgarvey@mcgarveylaw.com
Attorneys for Plaintiff

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| MARK JOHNSON AND MOLLY JOHNSON, husband and wife, individually, and on behalf of all others similarly situated, | DV-15-2019-0000934-NE Judge Dan Wilson SUMMONS |
| Plaintiffs, | |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER, Defendants. | |

SUMMONS                                                                                                     1

TO:   BRITANIE VANMETER:

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (or 42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the Plaintiff's attorneys, whose names and addressed are listed above. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

Witness my hand and the seal of said court this ___30___ day of ___March___, 2020.



Peg L. Allison
CLERK OF COURT

SUMMONS                                                                                    2

Judah M. Gersh
Brian M. Joos
VISCOMI, GERSH, SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT  59937
(406) 862-7800
gersh@bigskyattorneys.com

Alan J. Lerner
LERNER LAW FIRM
P.O. Box 1158
Kalispell, MT 59903-1158
lerner@lernerlawmt.com

Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.
345 First Ave. E.
Kalispell, MT 59901
amcgarvey@mcgarveylaw.com
Attorneys for Plaintiff

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| MARK JOHNSON AND MOLLY JOHNSON, husband and wife, individually, and on behalf of all others similarly situated, | DV-15-2019-0000934-NE |
| | Judge Dan Wilson |
| Plaintiffs, | SUMMONS |
| vs. | |
| | |
| STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER, Defendants. | |

SUMMONS                                                                                         1

TO:   STATE FARM FIRE AND CAS. CO.:

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (or 42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the Plaintiff's attorneys, whose names and addressed are listed above. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

Witness my hand and the seal of said court this ____30____ day of __March____, 2020.



Peg L. Allison
CLERK OF COURT

_____

SUMMONS                                                                 2

Judah M. Gersh
Brian M. Joos
VISCOMI, GERSH, SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT  59937
(406) 862-7800
gersh@bigskyattorneys.com

Alan J. Lerner
LERNER LAW FIRM
P.O. Box 1158
Kalispell, MT 59903-1158
lerner@lernerlawmt.com

Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.
345 First Ave. E.
Kalispell, MT 59901
amcgarvey@mcgarveylaw.com
Attorneys for Plaintiff

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| MARK JOHNSON AND MOLLY JOHNSON, husband and wife, individually, and on behalf of all others similarly situated, | DV-15-2019-0000934-NE<br>Judge Dan Wilson<br><br>SUMMONS |
| Plaintiffs, | |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER, Defendants. | |

SUMMONS                                                                                              1

TO:   STATE FARM MUTUAL AUTOMOBILE INS. CO.:

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (or 42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the Plaintiff's attorneys, whose names and addressed are listed above. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

Witness my hand and the seal of said court this ___30___ day of __March__, 2020.



Peg L. Allison
CLERK OF COURT

_____

SUMMONS                                                                 2



**null / ALL**
**Transmittal Number: 21373221**
**Date Processed: 04/06/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Co. |
| **Title of Action:** | Mark Johnson vs. State Farm Mutual Automobile Ins. Co. |
| **Matter Name/ID:** | Mark Johnson vs. State Farm Mutual Automobile Ins. Co. (10164638) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Flathead County District Court, MT |
| **Case/Reference No:** | DV-15-2019-0000934-NE |
| **Jurisdiction Served:** | Montana |
| **Date Served on CSC:** | 04/03/2020 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ian M. Joos<br>406-862-7800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

🛈 COVID-19 Resources for Process Servers      Archive Job   ⋮   Edit

# 4463624

**Client**

Viscomi, Gersh, Simpson & Joos PLLP
Contact: Christi Smith
Phone: 406-862-7800

**Process Server**

Williams Investigations
Employee: Brian Mook
Phone: 406-459-3126

Status:
Due:      Apr 6, 2020

**Recipient**       Edit

Recipient:   State Farm Fire and Casualty
Co. through R/A Corporation
Service Company

Company:
26 W 6th Ave ✱
Helena, MT 59624

## Affidavit       New Affidavit

*No Affidavit*

## Service Instructions       Edit

Dear Williams Investigations,

Attached are documents related to the
process of service I discussed on the
phone today with Tony.

Please call me if you have any questions.

## Service Attempts      Field Sheet    New Attempt

*No Service Attempts*

## Notes       Add Note

*No Notes*

## Documents to Be Served       Edit

Summons       ⬇
Summons - State Farm ...ED.pdf (127
KB)
Uploaded: Apr 3, 2020, 12:12 pm

Complaint       ⬇
Complaint Filed.pdf (1.03 MB)
Uploaded: Apr 3, 2020, 12:12 pm

## Job Activity

4/3/20, 12:12 pm   **Job Created**   Emailed to: Server.      Kayla Brewer

## Court Case       Edit

Case:     DV-15-2019-0000934-NE
Plaintiff:   Mark Johnson and Molly
Johnson
Defendant:   State Farm Mutual
Automobiles Ins Co., State
Farm Fire and Cas. Co., and
Britanie Vanmeter
Filed:
Court Date:
Court:     District
County:    Flathead

Judah M. Gersh
Brian M. Joos
VISCOMI, GERSH, SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT  59937
(406) 862-7800
gersh@bigskyattorneys.com

Alan J. Lerner
LERNER LAW FIRM
P.O. Box 1158
Kalispell, MT 59903-1158
lerner@lernerlawmt.com

Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.
345 First Ave. E.
Kalispell, MT 59901
amcgarvey@mcgarveylaw.com
Attorneys for Plaintiff

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| MARK JOHNSON AND MOLLY JOHNSON, husband and wife, individually, and on behalf of all others similarly situated, | DV-15-2019-0000934-NE Judge Dan Wilson |
| Plaintiffs, | SUMMONS |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER, Defendants. | |

TO:    STATE FARM FIRE AND CAS. CO.:

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (or 42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the Plaintiff's attorneys, whose names and addressed are listed above. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

Witness my hand and the seal of said court this ____30___ day of __March____, 2020.

Peg L. Allison
CLERK OF COURT



SUMMONS                                                                              2

F I L E D
09/26/2019
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Rachael Woods
DV-15-2019-0000934-NE
Wilson, Dan
1.00

Judah M. Gersh
Brian M. Joos
VISCOMI, GERSH, SIMPSON & JOOS, PLLP
121 Wisconsin Avenue
Whitefish, MT  59937
(406) 862-7800
gersh@bigskyattorneys.com

Alan J. Lerner
LERNER LAW FIRM
P.O. Box 1158
Kalispell, MT 59903-1158
lerner@lernerlawmt.com

Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.
345 First Ave. E.
Kalispell, MT 59901
amcgarvey@mcgarveylaw.com
Attorneys for Plaintiff

### MONTANA ELEVENTH JUDICIDAL DISTRICT COURT, FLATEHAD COUNTY

| | |
|---|---|
| MARK JOHNSON AND MOLLY JOHNSON, husband and wife, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER, Defendants. | Cause No. DV-15-2019-0000934-NE <br> Judge:  Judge Dan Wilson <br> COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND |

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    1

COME NOW Plaintiffs, Mark Johnson and Molly Johnson, husband and wife (hereafter "Johnsons" or "Plaintiffs" unless otherwise designated), by and through their attorneys of record, and complain and allege as follows:

## JURISDICTION

1.     This Court has jurisdiction over this case.  The amount in controversy for Plaintiffs exceeds $75,000, and for the class exceeds $5 million. The Johnsons are residents and citizens of the State of Montana. The residence and citizenship of Defendant State Farm Mutual Automobile Ins. Co. and Defendant State Farm Fire and Cas. Co. (hereafter "Defendant Insurance Companies" unless otherwise designated) are states other than Montana.  Defendant Britanie Vanmeter (hereafter "Vanmeter") is a resident and citizen of the State of Montana.

## INTRODUCTION

2.     This case asserts claims for breach of contractual and tort duties of the Defendant Insurance Companies owed to Johnsons and similarly situated Montana insureds of the Defendant Insurance Companies. It also asserts a negligence cause of action against Vanmeter.  The duties arose out of an automobile accident in which the Johnsons suffered property damage and Molly Johnson suffered bodily injury through the negligence of Vanmeter, who is insured by GEICO Indem. Co. and against whom the

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                          2

Johnsons assert a cause of action for the injuries and losses sustained in the automobile accident. The automobile accident triggered duties under Plaintiffs' policy. Those coverages include (a) indemnity for property damage losses, (b) medical payment reimbursement, (c) "Underinsured Motorists Coverage," and rights attendant to such coverages, including the right to be made whole before the insureds' tort claim is usurped or interfered with.

3.      After paying benefits under the Johnsons' property damage coverage, Defendant State Farm Mutual Automobile Ins. Co., wrongfully asserted an ownership right in the Plaintiffs' cause of action by an improper assertion of subrogation.

4.      In addition to a breach of contractual duties, the improper subrogation involved elements of (a) an exercise of ownership over Plaintiffs' claim and proceeds thereof, (b) failures to investigate and adjust, (c) deceptive and misleading statements and practices, and (d) cooperative and concerted conduct of all Defendant Insurance Companies, to perpetrate (i) a conversion of Johnson's third party claim, (ii) bad faith in communications and honoring contractual rights, (iii) civil conspiracy and aiding and abetting, and (iv) intentional tortious interference with contract-related duties.

5.      The subrogation conduct alleged herein was part of a system of programmatic assertion of wrongful subrogation, jointly developed and administered by the Defendant

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    3

Insurance Companies, for which reason Plaintiffs seek relief for similarly situated victims of the subrogation program through class-wide relief.

6.     This case also asserts the claims arising from Defendant State Farm Mutual Automobile Ins. Co.'s failure to adjust and pay on Plaintiffs' claim for benefits for under-insured losses.

## PARTIES AND GENERAL ALLEGATIONS

7.     The collision and litigation on the collision, underlying this case occurred in Flathead County, Montana on November 2, 2017.

8.     Defendant Insurance Companies are corporations existing under the laws of States in the United States of America other than Montana, and have their principal place of business outside of Montana. Defendant Insurance Companies are authorized to transact business in Montana. Defendant Insurance Companies regularly transact business in Montana. Defendant Insurance Companies are jointly, severally and vicariously liable for the acts and omissions of each other on all tort claims.

9.     Defendant Insurance Companies are insurers who issue insurance policies in the State of Montana, and  jointly and programmatically use common subrogation strategy and adjustment procedures described herein.

10.     In addition to the adjustment of Plaintiffs' claims within the state of Montana, Defendant Insurance Companies also jointly adjust and assert automobile subrogation claims in the State of Montana by (a) working together to design the adjustment procedures and subrogation assertion strategies knowingly designed to deprive insureds of their made whole rights; (b) jointly employing claims adjusters under a single jointly administered employment arrangement; (c) jointly training these adjusters to utilize for all such companies the same procedures in adjusting, including the procedures for collection of subrogation arising from damages suffered by Montana insureds; (d) jointly managing and directing these adjusters on specific procedures for asserting subrogation, and adjusting and evaluating subrogation rights, including the procedures for investigation and evaluation of the insureds losses and collection of subrogation arising from damages suffered by Montana insureds; (e) jointly compensating the adjusters for such conduct, and (f) jointly paying to such adjusters bonuses reflecting common profitability experienced by the collective companies through the implementation of the jointly developed and administered adjustment and subrogation strategies.

11.     Defendant Insurance Companies further have engaged in concerted action, with each other in the procedures for collection of subrogation arising from damages suffered by Montana insureds. Through this relationship and direction, both Defendant Insurance

Companies are "person[s]" under §33-18-201 and §33-1-202, MCA, that owe adjustment duties to Plaintiffs and members of the class. Defendant Insurance Companies have further engaged in concerted action with each other on the adjustment of Plaintiffs' claims and the improper procedures used to usurp plaintiffs' cause of action and collect subrogation arising from damages suffered by Montana insureds.

12. Defendant Insurance Companies utilize a company transacting business under various names, and companies which utilize the same or substantially the same name or names, which are jointly funded by and act as a common agent for Defendant Insurance Companies. The subrogation language of Defendant Insurance Companies' insurance policies and contracts are identical or substantially identical for all Defendant Insurance Companies. The adjusting procedures for Defendant Insurance Companies are identical, were commonly developed and are jointly administered.

13. Defendant Insurance Companies are part of a group of businesses conducting business in Montana that aid and abet and conspire with each other with respect to implementing the unlawful subrogation conduct described in this Complaint against all insureds of Defendant Insurance Companies, and are otherwise connected in a common course of conduct and scheme to deny Montana insureds' appropriate benefits through jointly conceived, jointly designed and jointly and knowingly implemented claim usurpation and

claim adjustment including the wrongful collection and conversion of subrogation rights and funds in violation of Montana law.

14.    The Defendant Insurance Companies jointly administered the subrogation and claim adjustment practices on Montana claims as part of a common course of conduct and scheme.

15.    The acts and omissions relating to Plaintiffs which give rise to this case occurred within Montana and were related to a claim that arose in Flathead County, Montana.

16.    Defendant Insurance Companies are jointly and severally liable to Plaintiffs and the class because each was involved in a common scheme, and each aided and abetted the other in the acts and omissions which constitute the basis for this action and by aiding and abetting the unlawful conduct of each company.

17.    Defendant Insurance Companies are jointly and severally liable to Plaintiffs and the class and their actions are juridically linked such that resolution, including declaratory and remedial relief with respect to the propriety of the conduct alleged, with respect to one defendant is necessarily a resolution with respect to all such defendants and all class members. This Court should address the class claims against all defendants based on the adequate juridical link that exists.

**18.** In addition, all Defendant Insurance Companies are jointly and severally liable to Plaintiffs and the class under the theory of civil conspiracy, and the elements of Montana law, as set forth in more detail below.

**19.** Plaintiffs had an insurance policy with State Farm Mutual Automobile Ins. Co., and a claim and adjusting relationship with Defendant Insurance Companies, as a first party insured in regards to property damage and other casualty insurance coverage. All insureds in the class are situated and treated similarly.

**20.** Molly Johnson also has underinsured motorist coverage with State Farm Mutual Automobile Ins. Co.

**21.** This case against Defendant Insurance Companies arises in part under the insurance policy contract and the statutory claims adjustment duties and tort duties under Montana's Unfair Trade Practices Act, set forth by §33-18-201 and §33-18-242, MCA, and common law.

**22.** Molly Johnson suffered bodily injury and the Plaintiffs suffered damage to their property in an automobile accident that occurred in Flathead County, Montana, on November 2, 2017. Specifically, as a result of the collision, Plaintiffs suffered losses, including, but not limited to:

- The total loss of Plaintiffs' vehicle in an amount greater than that paid pursuant the Physical Damage Coverages under the terms of Plaintiffs' policy with State Farm Mutual Automobile Ins. Co.;

- Other property losses not included in such Physical Damage Coverages, for which losses Plaintiffs have not been compensated;

- Losses and detriments resulting from the tortious destruction of the vehicle including loss of value of second set of tires, loss of value of prepaid taxes and registration fees;

- Expense of temporary replacement vehicle and rental charges and loss of use;

- Expenses in securing a replacement vehicle for the loss of their automobile including costs of travel-related time and expenses associated with locating and securing a suitable replacement vehicle;

- Attorney fees and costs of securing recovery (from the tortfeasor and her insurer) for property damage recoveries;

- Medical expenses;

- Resulting loss of income from employment;

- Loss of earnings and earning capacity to be determined;

- General damages for the personal injuries;

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    9

•     Attorney fees and costs of securing recovery (from the tortfeasor and her insurer) personal injury damage recoveries.

23.     Plaintiffs have not been made whole for either the items of property damage or the items of personal injury losses detailed in the preceding paragraph.

24.     Plaintiffs have unrecovered property damage losses as well as unrecovered bodily injury losses with respect to which they were dependent on (a) their cause of action against Vanmeter, and GEICO to the extent of its coverage limits, (b) the proceeds paid by the tortfeasors or their insurer on that cause of action, and (c) the underinsured coverage under Plaintiffs' insurance contract with State Farm Mutual Ins. Co.

25.     State Farm Mutual Automobile Ins. Co., aided by, abetted by, and conspiring with, the other Defendant Insurance Company, knowingly usurped and asserted an interest in the Plaintiffs' cause of action against Vanmeter, and collected and kept subrogation from the at fault driver's insurer (GEICO) without Plaintiffs being made whole for either their bodily injury or property damage losses, including property damage losses not covered by the State Farm Mutual Automobile Ins. Co.'s policy, the attorney fee and costs that will be required to recover those losses and Molly Johnson's bodily injury damages and losses and, the attorney fees and expenses required to recover those losses.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND        10

26.     State Farm Mutual Automobile Ins. Co. paid Plaintiffs benefits under the Plaintiffs' property coverage and medical payment coverage, but paid no other property or bodily injury losses. Without notifying Plaintiffs of the insureds' right to be made whole before subrogation, State Farm Mutual Automobile Ins. Co. asserted a subrogation interest in Plaintiffs' cause of action against Vanmeter and her insurer and proceeded to collect and convert to its own use the full amount of the property damage payments State Farm Mutual Automobile Ins. Co. had made to Plaintiffs.

27.     Plaintiffs had not been made whole for either their property damage or bodily injury at the time the subrogation was asserted and subrogation payments were received by State Farm Mutual Automobile Ins. Co., and have not been made whole at the time of the filing of this Complaint. Plaintiffs have been deprived of the benefit of the coverages for which they paid State Farm Mutual Automobile Ins. Co. a premium, and have suffered their cause of action being impaired and the denial of the full (net) benefit of their contractual coverages.

28.     The Defendant Insurance Companies failed to conduct a reasonable investigation to determine if Plaintiffs would be or were made whole, in violation of §33-18-201 (4), MCA. The Defendant Insurance Companies misrepresented facts regarding the insurance policy by a deceptive scheme of using a hidden procedure to intentionally usurp the insured's cause of action for its own benefit, undermine its insureds' rights to be made whole

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    11

before collecting and keeping subrogation, by concealing its subrogation recovery from its own insured, by asserting the misrepresentation that there is a coverage limitation for losses payable by a tortfeasors' liability insurance, which representations and concealments and scheme, each and collectively constitute a violation of §33-18-201 (1), MCA. Defendant Insurance Companies failed and neglected to attempt, in good faith, to negotiate a prompt, fair and equitable settlement of (a) their alleged subrogation interest in Plaintiffs' claim against a third party and (b) Molly Johnson's under insured claim, in violation of §33-18-201 (6), MCA. State Farm Mutual Automobile Ins. Co and the Insurance Defendant Companies violated §33-18-201 (4) and (5), MCA by failing to pay on Molly Johnson's under insured claim without conducting a sufficient investigation to substantiate a basis for such failure, and by failing to timely affirm under insured coverage. Defendant Insurance Companies violated other subsections of §33-18-201, MCA, as well.

29.     Defendant Insurance Companies violated Montana's clear and well-established law and public policy by collecting and retaining a premium for property and casualty coverages while asserting and maintaining a claim to an absolute right to collect and keep subrogation from third-parties who are liable to the insured without the insured being made whole, and without first making a determination of the insured's unrecovered losses as required by Montana law.

**30.**     As a result of the Defendant Insurance Companies' acts and omissions, Plaintiffs have suffered damages to their cause of action, delay in learning of the impairment to their cause of action, delay of compensation for the losses sustained in the automobile accident, and have suffered State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' conversion of, and interference with (a) the Johnson's property interest in their cause of action against Vanmeter, and (b) proceeds of Johnson's claim against Vanmeter, together with lost interest and attorney fees.

COUNT ONE

(Negligence against Defendant Vanmeter)

32.     This Count is against Defendant Vanmeter.   Plaintiffs incorporate each allegation in the paragraphs above.

33.     Vanmeter was negligent in causing the automobile accident in the operation of her motor vehicle, and her negligence caused damages to Johnsons in an amount to be determined by the Jury.   Vanmeter is liable to Johnsons for all damage caused by her negligence.

COUNT TWO

(Under-Insured Coverage Claim against State Farm Mutual Automobile Ins. Co.)

34.     Plaintiffs incorporate each allegation in the paragraphs above.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                    13

35. Molly Johnson has underinsured coverage with State Farm Mutual Automobile Ins. Co.

36. Vanmeter's coverage limits are inadequate to cover Molly Johnson's bodily injury damages. Molly Johnson is therefore entitled to benefits under her underinsured coverage with State Farm Mutual Automobile Ins. Co.

37. State Farm Mutual Automobile Ins. Co. has made no payment and no offer of payment under the underinsured coverage of its policy.

38. State Farm Mutual Automobile Ins. Co. is liable to Molly Johnson for such amount as the Jury finds are due under the terms of the under insured coverage up to the limits of that coverage. State Farm Mutual Automobile Ins. Co. is further liable to Molly Johnson for her reasonable attorney fees and costs of suit.

## COUNT THREE

(Statutory Insurance Bad Faith against the Defendant Insurers)

39. Plaintiffs incorporate each allegation in the paragraphs above.

40. The acts and omissions of Defendant Insurance Companies constitute statutory insurance bad faith under §33-18-242, MCA, for the violations of the provisions of §33-18-201 described in Paragraph 28 above.

41.     Defendant Insurance Companies acted in concert, aided and abetted each other, and combined in a civil conspiracy, when pursuing on a programmatic basis the wrongful subrogation conduct alleged above so as to violate the provisions §33-18-201 MCA , such that all said companies are jointly and severally liable for those violations.

42.     Plaintiffs have been damaged by said violations of §33-18-201, MCA , and have been deprived of (a) the benefit of their insurance contract with State Farm Mutual Automobile Ins. Co., (b) the full benefit of an unimpaired cause of action against the tortfeasor, and under the GEICO policy. They have also suffered delay in the resolution of their claims and the need to hire an attorney to recover what was wrongfully denied and delayed. State Farm Mutual Automobile Ins. Co.'s failure to attempt to settle Molly Johnson's underinsured claim has caused losses including attorney fees incurred to remedy the wrongs, and lost interest and time value of money. Defendant Insurance Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA, such that punitive damages should be assessed against Defendant Insurance Companies pursuant to Montana law, for  which they should be held jointly and severally liable.

<u>COUNT FOUR</u>

(Breach of the Insurance Policy Contract and Implied Covenant of Good Faith)

43.     Plaintiffs incorporate each allegation in the paragraphs above.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    15

44.     The insurance contract provides that State Farm Mutual Automobile Ins. Co. may be subrogated to Plaintiffs' rights to recover from a third party tortfeasor and its insurer. The contract provision allowing such subrogation must be construed in conformance with Montana law, and would be in violation of Montana public policy to the extent that it were construed or applied to allow subrogation before compliance with Montana's made-whole rule. Subrogation in violation of this made-whole rule violates Montana public policy and is unenforceable regardless of any contract language providing to the contrary.

45.     Defendant Insurance Companies' programmatic assertion of a subrogated right arising from an automobile accident with a third party before the insured has been made whole for all losses and costs of recovery, including State Farm Mutual Automobile Ins. Co.'s assertion of subrogation to Plaintiffs' cause of action against Vanmeter, violates Montana public policy and breaches the terms of the insurance contract as conformed to the requirements of Montana law. Such subrogation also breaches the contract by depriving Defendant Insurance Companies' insureds of the coverage for which they paid a premium and by failing to indemnify the risk they were paid to insure.

46.     The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies in its and their actions, misrepresentations and concealment

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                    16

in respect to subrogation all as described above, also constitute breach of the implied and express covenants of the insurance policy contract. Specifically, implied in the insurance contract it made with Johnsons, is State Farm Mutual Automobile Ins. Co.'s covenant not to conceal, misrepresent, or assert utterly unjustifiable positions of law contrary to clear and well established authority in order to deny its insured the benefit of that contract. Also implied is the covenant to attempt to timely investigate, reasonably negotiate and attempt to settle claims under State Farm Mutual Automobile Ins. Co.'s under insurance coverage.

48.   Plaintiffs have also been damaged by breach of the policy's implied covenant of good faith and fair dealing with respect to State Farm Mutual Automobile Ins. Co.'s and Defendant Insurance Companies' subrogation conduct. Specifically, Plaintiffs were deceived and to discover that they had been deprived of (a) the benefit of their insurance contract with State Farm Mutual Automobile Ins. Co., (b) the benefit of an unimpaired cause of action against the tortfeasor, and (c) the benefit of full (not depleted) liability coverage under the GEICO policy. Plaintiffs have also suffered delay in the resolution of their claims and the need to hire an attorney to recover what was wrongfully denied and delayed. These losses include distress, attorney fees incurred to remedy the wrongs, and lost interest and time value of money.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    17

## COUNT FIVE

### (Conversion)

49.     Plaintiffs incorporate each allegation in the paragraphs above.

50.     The "subrogation" collected from Vanmeter's liability insurer (GEICO) by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies is a usurpation of, and exertion of control over Plaintiffs' cause of action and proceeds thereof, and constitutes a conversion of the Plaintiffs' property rights. Such usurpation and assertion of control is without authority under clear Montana law because the insurer has failed (a) to make an investigation and determination of all of the losses of the insured, and (b) to assure that the Plaintiffs have been made whole for all their damages as recognized by Montana law.

51.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have not met either prerequisite to subrogation. They have not attempted to investigate, evaluate or quantify the amount of Plaintiffs' losses which are outside of the coverage's provided by State Farm Mutual Automobile Ins. Co. The Plaintiffs have not been made whole. Still, by design and implementation of a wrongful subrogation program, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have usurped and converted the Plaintiffs' cause of action and converted the proceeds of Plaintiffs' cause of action, namely the funds collected from the tortfeasors' liability insurer, to their use, and have

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    18

used the funds and earnings thereon as their own rather than as the property of the Plaintiffs , and have done so without giving notice so that the conversion would be hidden.

52.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies unlawfully converted Plaintiffs' funds and have damaged the Plaintiffs in the amount of the converted subrogation recovery and interest upon that amount at the rate allowed by Montana law until the amount is returned to the Plaintiffs. State Farm Mutual Automobile Ins. Co. and Defendant Insurance Companies are liable to Plaintiffs for such damages, plus interest and attorney fees.

53.     The conversion of the insured's rights and the concealment were done with actual malice such that assessment of punitive damages should be made against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies.

COUNT SIX

(Civil Conspiracy)

54.     Plaintiffs incorporate each allegation in the paragraphs above. This Count is not herein described as a separate tort but rather as a statement of grounds to establish the joint and several liability of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies.

56.     The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies constitute a civil conspiracy: (a) by reason of the fact that the Defendant Insurance Companies jointly created, financed and administered a wrongful subrogation program (with a goal to assert subrogation without complying with Montana's made-whole rule so that the insurers could deprive their insureds of their rights under their policies and/or their tort causes of action), and the Defendant Insurance Companies constitute two or more defendants who have joined together to commit that wrong; (b) all Defendant Insurance Companies jointly sought to accomplish the goal of collecting subrogation from third parties before Plaintiffs and other Montana insureds were made whole in order to gain advantage of the improperly taken subrogation recoveries, and the defendants did so by working together through common agents, manuals, directives and a subrogation program design, with a goal of mutual benefit to each company participating in the wrongful program; (c) all Defendant Insurance Companies agreed on the goal stated above and on the methods of joint administration of a single subrogation grogram to accomplish said goal; (d) all Defendant Insurance Companies committed numerous acts in furtherance of the goal of obtaining subrogation through methods in direct conflict with the requirements of Montana's made-whole rule including each company's participation in the design of the program, each company's directions to and training of common agents, each company's

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    20

payment of the costs of administering the program, each company's usurpation of insureds cause of actions through such jointly trained, directed and paid agents, and each company's receipt of and use of funds obtained through the wrongful subrogation program;   (e)  Plaintiffs were damaged as described above when the jointly designed, financed and implemented joint subrogation program was used to take away Plaintiffs' claims and recoveries from Vanmeter and GEICO.

57.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies' acts and omissions were committed with "actual malice" pursuant to §27-1-221, MCA. Punitive damages should be jointly and severally assessed against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies pursuant to   Montana law.

COUNT SEVEN

(Aiding and Abetting)

58.     Plaintiffs incorporate each allegation in the paragraphs above. This Count is not herein described as a separate tort but rather as a statement of the basis to establish the joint and several liability of the State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies.

59.     The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies constitute aiding and abetting each other in the commission

of the wrongs set forth herein,  so as to create joint and several liability under  § 876 of the

Restatement (Second) of Torts, because, by reason of the specific facts alleged above, all

Defendant Insurance Companies (a) acted act in concert with each other and pursuant to a

common design to obtain the benefit of a wrongful subrogation program with knowledge

that the wrongful subrogation program and procedures violated Montana's made-whole

rules, (b) deprived their insureds of the benefit of their insurance contract, wrongfully

impaired their insureds' claim against tortfeasors, depleted the tortfeasors' liability

insurance, and converted to the Defendant Insurance Companies the proceeds of the

insureds' claim against the tortfeasors. All Defendant Insurance Companies are jointly and

severally liable to Johnsons for all damages awarded by the Jury.

    60.    The Defendant Insurance Companies' acts and omissions were committed

with "actual malice" pursuant to §27-1-221, MCA, such that punitive damages should be jointly

and severally assessed against the Defendant Insurance Companies pursuant to Montana  law.

<u>COUNT EIGHT</u>

(Class Claims)

    61.    Plaintiffs incorporate all of the foregoing paragraphs in these class claims  and

state that the allegations are hereby incorporated in each separate claim and count for relief

asserted by the class. Plaintiffs brings this action as a class action on behalf of individuals and commercial and other entities defined as follows:

- Who were insured under an auto insurance policy issued by State Farm Mutual Automobile, Ins. Co. or one of the Defendant Insurance Companies in Montana;

- Who, as a result of an auto accident, suffered losses covered by such policy;

- Who received payments under the coverages of such policy;

- With respect to whom one or more of the Defendant Insurance Companies recovered, under a claim of subrogation, from a third party for some or all of such payments;

- With respect to whom the subrogation was recovered by the insurer not more than eight (8) years preceding the filing of the Complaint in this action.

62.    For each member of the class, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies recovered and withheld subrogation in derogation of their insureds' rights under Montana law by

- failing to conduct the prerequisite made-whole investigation and analysis;

- improperly usurping and asserting a right to the insured's claim and cause of action against third party tortfeasors and their liability insurers;

- obtaining and converting proceeds of the improper subrogation and converting the same to their own use;

- impairing their insureds claim against the tortfeasor and her liability coverages;

- delaying the receipt of compensation for the insureds' losses; and

- violating the contract provision for subrogation as conformed to Montana public policy and depriving the insureds of the benefit of their contract of insurance with State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies.

63.    The policy language and incorporated terms including the mandatory provisions of Montana's made whole rule, under which subrogation arises, and with respect to which subrogation is permitted and constrained, is identical for all class members.

64.    State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have treated all class members according to the same pattern and program of subrogation. State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' subrogation-related conduct described herein was jointly and programmatically designed and implemented to convert and take advantage of the insureds' third party claims, to violate the subrogation provision of the insurance contract (including the incorporated

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                24

made whole limitation thereon), and to deprive the insureds of their contractual rights to benefits under the contract and to be made whole before subrogation was pursued.

65.     For each member of the class State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies (a) commonly evaluate and adjust claims, including an identical and programmatic procedure for evaluating the availability and amount of subrogation arising from such claims, (b) use commonly developed adjusting procedures, and (c) employ commonly developed and identical policy construction and application, including policy provisions which apply to subrogation or reimbursement for benefits paid to insureds.

66.     For all class members, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies and have pursued a commonly developed course or conduct in respect to the issues raised by this case. Specifically, when designing and implementing the wrongful subrogation program, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies commonly utilized as agents companies or individuals transacting business under various names or which utilize the same or substantially the same name, which companies' and agents' activities are jointly funded by all Defendant Insurance Companies and utilize the commonly developed subrogation scheme and procedures. State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are jointly and severally liable to the class because each was involved in a

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                         25

common scheme, and each aided and abetted the other in the acts and omissions which make up the basis for this action and by aiding and abetting the unlawful conduct of each company.

67.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are also jointly and severally liable to the class and subject to common class adjudication because of the juridical link between these defendant companies and their conduct of subrogation such that resolution of the propriety of the conduct alleged with respect to one defendant and its insureds (including declaratory and appropriate remedial relief) is necessarily a resolution with respect to all such defendants and their insureds.

68.     In addition, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are jointly and severally liable to each class member under the same grounds of conspiracy, and aiding abetting as detailed in the allegations above on behalf of Plaintiffs.

69.     The Johnsons (Plaintiffs) are members of the class they seek to represent.

70.     The individuals in the class defined above number in the hundreds and are so numerous that individual joinder of class members as plaintiffs is impracticable.

71.     There are questions of law and fact common to each member of the class, including, but not limited to: (a) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' failure to correctly apply subrogation was a violation of

substantially identical insurance policy provisions and Montana's made-whole rule, (b) whether the subrogation program and execution thereof constituted violations of the Unfair Claim Settlement Practices Act; (c) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' failure to investigate and adjust based on their insureds' "made whole" rights constituted violations of the implied contractual covenant of good faith and fair dealing common to the insurance policies and/or denial of the benefit of coverages under the Defendant Insurance Companies policies; (d) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' conduct was malicious warranting the assessment of punitive damages; (e) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' usurpation of their insureds' causes of action and/or collection and retention of the wrongful subrogation constituted conversion of the class members' property; (f) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' conduct constitute violation of MCA Sec. 33-18-201 and 242 as specified in in this Complaint; and (g) whether State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' application of contract provisions dealing with subrogation were reasonable and authorized by Montana law.

72.     The claims for breach of contract, breach of the implied contractual covenant of good faith and fair dealing, breach of the Unfair Claim Settlement Practices Act, and Conversion stated by Plaintiffs are typical of the corresponding claims of the all class members.

73.     Plaintiffs have retained experienced class action and insurance litigation counsel and will fairly and adequately protect the interests of the class.

74.     Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications of the duties and remedies with respect to breach of the insurance contract, the implied contractual covenant of good faith and fair dealing, and the unfair claim settlement practice duties and conversion alleged herein, such that class certification is appropriate under Rule 23(b)(1), M.R.Civ.P.

75.     Adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other class members so as to substantially impair or impede their ability to protect their interests without class certification, and would create the risk of incompatible standards of conduct for defendant, such that class certification is appropriate under Rule 23(b)(1), M.R.Civ.P.

76.     State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies have engaged in a pattern of asserting and recovering subrogation without

respect to whether their insureds have been made whole in a manner which is essentially identical with respect to all class members, and have acted and refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the class as a whole, such that class certification is appropriate under Rule 23(b)(2), M.R.Civ.P., and, alternatively under Rule 23(b)(3), M.R.Civ.P.

77.    The issue of punitive damages should be certified under Rule 23(b)(3) and/or Rule 23(c)(4), with notice and opt-out provided for the class members. Punitive damage assessment and recovery should be implemented by way of ancillary relief to a court-ordered return of improperly taken subrogation to the insureds who owned the claim against tortfeasors. The actual damage caused to each member of the class will thereby be exactly quantified. In addition, the question of "actual malice" is common to all class members and predominates. In the alternative, the common question as to whether the insurers; programmatic conduct constituted actual malice should be certified as a class action with respect to the common question pursuant to Rule 23(c)(4).

<u>FIRST CLASS CLAIM</u>

(Breach of Insurance Contract)

78.    Plaintiffs incorporate each allegation in the paragraphs above.

79.     Common to each insurance contract is identical language or substantially identical language, identical mandatory policy provisions, and identical equitable limitations to contract provisions regarding State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' rights of subrogation.

80.     The insurance contract for each class member provides that State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies may be subrogated to Plaintiffs' rights to recover from a third party tortfeasor and its insurer. The contract provision allowing such subrogation would be in violation of Montana public policy to the extent that it were construed or applied to allow subrogation before the claimant has been made whole as described in Montana law. Subrogation in violation of this made-whole rule violates Montana public policy and is unenforceable regardless of any contract language providing to the contrary.

81.     State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' assertion of a subrogated right arising from an automobile accident with a third party before the insured has been made whole for all losses and costs of recovery, such as the assertion of subrogation to Plaintiffs' cause of action against Vanmeter and each class member, violates Montana public policy and breaches the terms of the insurance contract as conformed to the requirements of Montana law.  Such subrogation

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                    30

also breaches the contract by depriving State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' insureds of the coverage for which they paid a premium and by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies failing to indemnify the risk they were paid to insure.

82.    State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies failed and/or refused to ensure that the class members, their insureds, had been made whole before asserting and recovering subrogation, and recovered, and continued to withhold from its insureds and use for State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' own benefit, subrogation to which the defendants were not entitled.

83.    State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies thereby breached and continue to breach the insurance contract and policy provisions common to each class member, including that, by reimbursing itself out of the proceeds of the insureds' third party claim, each Defendant Insurance Company has deprived each class member insured of the benefit of the coverages the insureds had contracted for and paid a premium for.

84.    As a direct and proximate result thereof, Plaintiffs and each class member have losses under State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                          31

Companies' policies in the amount of the subrogation, together with interest thereon, taken before a valid and appropriate determination that the insured had been made whole, such that Plaintiffs and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

85.     Plaintiffs have standing to assert these claims on behalf of the class against State Farm Mutual Automobile Ins. Co. as insureds and against the Defendant Insurance Companies pursuant to the doctrines of juridical link, aiding and abetting and tortuously interfering with contract duties and civil conspiracy.

<u>SECOND CLASS CLAIM</u>

(Breach of Implied Contractual Covenant of Good Faith and Fair Dealing)

86.     Plaintiffs incorporate each allegation in the paragraphs above.

87.     In every insurance contract in Montana including each of the class members' insurance contracts with State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, there is an implied covenant of good faith and fair dealing.

88.     By failing to disclose to their insureds the fact of the defendants' subrogation or the legal limitations on subrogation under defendants' policies, by concealing from their insureds their recovery of subrogation directly from the third party or the third party's insurer, by failing to investigate and evaluate the insured's lack of a net recovery compensating the

insured for all damages necessary to make the insured whole, and by programmatically designing and implementing their subrogation policies and procedures (a) to impair and usurp their insureds' claim against the tortfeasor, (b) to convert the proceeds of such claims to the use of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, and (c) to deprive their insureds of their rights to be made whole before State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies collected any subrogation, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies deprived their insureds of the benefit of the insurance contract and breached the implied covenant of good faith and fair dealing.

89.     As a direct and proximate result of the breach of the contracts and breach of the implied covenant of good faith and fair dealing, Plaintiffs and each class member have sustained and continue to sustain losses under their rights under State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' policies and their claims against the tortfeasors causing their respective automobile accidents in the amount of the subrogation, together with interest thereon, which subrogation was taken before a valid and substantiated determination that the insured had been made whole, such that Plaintiffs and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                                33

## THIRD CLASS CLAIM

### (Unfair Claim Settlement Practices)

90.     Plaintiffs incorporate each allegation in the paragraphs above.

91.     By asserting a right to subrogation without disclosing the legal limitations on subrogation under the Plaintiffs' and the class members' policies, by concealing from their insureds their recovery of subrogation directly from the third party's insurer, by misrepresenting their claimed right to subrogation as arising from a non-existent coverage limitation, by misrepresenting the required elements of the made-whole rule including a claimed exclusion therefrom of the insureds' attorney fees, by failing to investigate and evaluate the insured's lack of sufficient recovery of all damages (net of attorney fees) necessary to make the insured whole, and/or by programmatically designing and implementing their subrogation policies and procedures to deprive their insureds of the benefit of their contract and their rights to be made whole before State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies collected any subrogation, State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies violated §33-18-201 (1), (4) and (6), MCA, such that Plaintiffs and each class member, as first party claimants, are entitled to declaratory, supplemental, equitable and injunctive relief to enforce the duties imposed thereby.

92.     As a direct and proximate result of such violations of §33-18-201, MCA, Plaintiffs and each class member's rights under that statute, including the right to accurate portrayal of the insurance contract provisions and the made-whole rule, have been and are being impaired, and their third party causes of action and proceeds thereon have been and are being impaired usurped and converted, such that Plaintiffs' and each class member is entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

## FOURTH CLASS CLAIM

### (Conversion)

93.     Plaintiffs incorporate each allegation in the paragraphs above.

94.     State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' acts and omissions constitute unlawful conversion of Plaintiffs' and the class members' property right in their claims against third party tortfeasors and proceeds of such claims. State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, however, assert and continue to assert control over such claims and proceeds necessitating a determination of whether such claims and proceeds belong to State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies or have been converted.

95.     Plaintiffs and the class members have suffered conversion in the amount of funds unlawfully taken by State Farm Mutual Automobile Ins. Co. and the Defendant

Insurance Companies and interest thereon at the rate allowed by Montana law until repaid, and are entitled to declaratory, supplemental, equitable and injunctive relief regarding ownership of the claim and proceeds, and return of the converted funds with interest, such that Plaintiffs and each class member are entitled to declaratory, supplemental, equitable and injunctive relief prayed for in this complaint.

FIFTH CLASS CLAIM

(Declaratory, Injunctive, and Supplemental Relief)

96.     Plaintiffs incorporate each allegation in the paragraphs above.

97.     Plaintiffs and each member of the class are interested persons under the above-described written contracts of insurance, including the specific contract provisions pertaining to subrogation and including the implied and mandatory provisions of such contracts all of which are substantially identical for all class members. Plaintiffs and each class member are affected by the interpretation and application of such contract and policy provisions, and have a right to, and need for, a declaration of rights, duties, status, legal relations and remedies under such common contract provisions.

98.     Plaintiffs and each member of the class are further interested parties under the statutory and common law duties above-described, including (a) the right to be made whole before subrogation is pursued, (b) the right to good faith claim handling, (c) the right not to

have their claims against tortfeasors (and proceeds thereof) converted to the insurer's use, (d) the right to timely and accurate disclosure of the insurer's assertion of subrogation, and (e) the right to timely and accurate disclosure of the basis for any assertion of a subrogation right and the limitations to subrogation under the made-whole rule, such that Johnsons and each class member has a right to a declaration of rights, status, legal relations and remedies under such legal duties.

99.    Plaintiffs and each member of the class are entitled to injunctive and supplemental relief including, but not limited to,

(a) an injunction against further assertion of subrogation in contravention of Montana's "made-whole" rule;

(b) injunctive relief preventing the insurers' continued retention of wrongfully converted subrogation proceeds and wrongful earnings thereon;

(c) an order of restitution of subrogation proceeds plus interest or earnings thereon;

(d) an order requiring return, to Plaintiffs and each class member, of all subrogation, together with interest from the time the subrogation was taken, obtained by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies, together with an order enjoining any reassertion of any

subrogation right until such time if any  as State Farm Mutual Automobile Ins. Co. and the Defendant insurance companies can and do make timely (1) appropriate disclosures of the insureds right to recover all elements of loss, including loss of use of the vehicle, diminished value of repaired vehicle and costs for recovery, and (2) an appropriate made whole investigation and determination pursuant to Montana law.

(e) an order requiring State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies to timely disclose, in advance, the insurer's intent to assert a subrogation claim, which disclosure includes a statement of the basis in the insurance policy for such assertion  and the limitations thereto under the made whole rule; and,

 (f) an order from this Court enjoining State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies not to collect or retain subrogation until the insurer has completed an investigation which provides a reasonable basis for identifying and quantifying the amount of their insureds unrecovered losses.

(g) an order of restitution compelling State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies to return all wrongful subrogation collected with interest thereon at the rate allowed by Montana law;

(h) attorney fees; and

(i) such other supplemental relief as is necessary to make this Court's declaration effective and/or is proper in law or equity.

100.    Plaintiffs and each member of the class are entitled to declaratory relief including a ruling that (a) all subrogation amounts taken before the insureds' losses were accounted for and the insureds' were made whole, together with interest or earnings thereon, are and remain the property of the insured; (b) State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies subrogation taken to their own use before a valid and appropriate made whole determination had been made pursuant to Montana law constituted a conversion; and (c) State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies subrogation practices constitute a violation of the insurance contracts' implied covenants and statutory adjustment duties.

## SIXTH CLASS CLAIM

### (Punitive Damages)

101.    Plaintiffs incorporate each allegation in the paragraphs above.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                              39

102.    State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' misrepresentations, concealment, failures to investigate and adjust and other tortious conduct alleged herein, with respect to the programmatic pursuit of subrogation and the impairment and conversion of their insureds' cause of action and proceeds thereof without assuring that the insureds had been made whole, was done with knowledge that it violated the requirements of the made-whole rule and that the insureds would be harmed by the impairment of their third party claims and with malice, as defined by §27-1-221, MCA, such that punitive damages should be assessed against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies in an amount sufficient to punish, deter and make example State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' wrongdoing and in an amount that is proportional to the amount of subrogation recoveries improperly taken by State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies or, alternatively, that the issues of State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' "actual malice" are tried as a class issue pursuant to Rule 23 (c)(4).

## SEVENTH CLASS CLAIM

### (Civil Conspiracy)

103.    Plaintiffs incorporate each allegation in the paragraphs above.

104.   This Count is not included as a separate tort but rather is to describe the basis for joint and several liability of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies for the relief sought in the class claims.

105.   The acts and omissions of the defendants with respect to the concerted and programmatic assertion of subrogation with respect to all insureds constitute a civil conspiracy for the reasons set forth in Plaintiffs' corresponding individual claims stated above.

## EIGHTH CLASS CLAIM

### (Aiding and Abetting)

106.   Plaintiffs incorporate each allegation in the paragraphs above.

107.   This Count is not included as a separate tort but rather is to describe the basis for joint and several liability of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies for the conduct of its subrogation program.

108.   The acts and omissions of State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies constitute aiding and abetting each other in the conduct of its subrogation program for the reasons set forth in Plaintiffs' corresponding individual claims stated above.

## NINTH CLASS CLAIM

### (Attorney Fees)

109.    Plaintiffs incorporate each allegation in the paragraphs above.

110.    State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' programmatic subrogation conduct was and is unreasonable and unjustifiable and forced the institution of this litigation to compel State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies to conform to the clear requirements of Montana law.

111.    State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies are liable for Plaintiffs' and the Class' attorney fees.

### PRAYER

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

### FOR PLAINTIFFS INDIVIDUAL CLAIMS.

1.    For all contract damages described herein.

2.    For all consequential damages.

3.    For all special damages determined by the jury.

4.    For all general damages determined by the jury.

5.     For all prejudgment interest due under Montana law as restitution and/or as damage.

6.     For assessment of punitive damages against State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies in such amounts as the jury determines proper in accordance with Montana law.

7.     For costs and disbursements in this action.

8.     For such attorney fees as may be due under Montana law.

9.     An award of damages against Vanmeter for all losses sustained in the automobile accident along with appropriate pre-judgment interest as provided by Montana law;

10.    For such other and further relief as is deemed due by this Court.

## FOR THE CLASS CLAIMS:

Plaintiffs further pray on behalf of the class as follows:

11.    For declaratory rulings that;

- Each class member is entitled to the benefit of proper application of Montana's made whole rule,

- the defendant insurers must, before asserting subrogation, (a) conduct an investigation to substantiate a reasonable basis for quantifying each element of

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    43

their insureds losses, deductibles and costs and attorney fees of collection, and (b) assure that the insured is made-whole for all such losses,

- the subrogation recoveries, together with interest earnings thereon, obtained without completing the prerequisite made-whole investigation and quantification, are and remain the property of the insureds;

- The required made whole investigation and determination must be based on objective quantification of each element of damage an insured suffered, including, but not limited to, any medical expenses (past and future), lost wages, bodily injury (including but not limited to permanent impairment, pain, suffering, present and future loss of earning capacity, necessary purchases, the value of services supplied or purchased, loss of established course of life, and emotional distress), cost of repair or replacement for the damaged vehicle, loss of use for time it would take to complete repairs or obtain replacement vehicle for totaled cars, residual diminution in value of repaired vehicles, the loss of personal property in the automobile, and other property loss damages sustained in the auto accident;

- The insurers' failure to investigate and objectively quantify all such losses and assure that the insured has been made whole for all such losses before asserting

a claim as subrogee of the insureds' claim constitutes a conversion of the insured's property right, a violation of the claim handling requirements of §33-18-201, a deprivation of the benefit of the insurance contract, and a breach of the covenant of good faith and fair dealing in such insurance contract.

12.     For orders enjoining State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies (a)   to stop recovery of subrogation without first completing the  prerequisite  made-whole analysis and  assuring the insured have  recovered all further  losses,  (b) to return  all  subrogation collected before  the proper made whole investigation and analysis had been completed, together with earnings thereon or interest at the rate allowed by Montana law from the date  the subrogation was first collected, (c) to identify and locate each member of the class described herein, (d)  to disclose to each class member of their rights  to be made whole  before subrogation attaches, (e) not to assert or reassert any subrogation claim with  respect to class  members' unless having  first timely apprised the insured, in writing, of the intent to assert subrogation, with a disclosure of the insured's right to be made whole, and a full explication of the insurer's made whole calculation, including each of the elements of loss, and (f) an order enjoining assertion or reassertion of subrogation claims which are untimely and/or have deprived or impaired the Plaintiffs and class members of the

ability to defend against the insurers' subrogation claims in their causes of action against the automobile accident tortfeasor.

13.    For a judgment assessing punitive damages on behalf of the class in an amount sufficient to punish, deter, and make an example of State Farm Mutual Automobile Ins. Co.'s and the Defendant Insurance Companies' wrongful conduct, which amount is proportional to the amount of the converted subrogation, or, alternatively, for a determination that State Farm Mutual Automobile Ins. Co. and the Defendant Insurance Companies' programmatic conduct was "actually malicious" such that each class member is entitled to punitive damage award proportionate to the amount of subrogation secured through the wrongful program.

14.    For judgment for pre- and post-judgment interest, litigation expenses, and attorney fees.

15.    For such other, further and supplemental relief as the Court and/or jury deem appropriate for the benefit of the class, including all such further supplemental relief as may be appropriate.

16.    For such other and further legal and equitable relief as is proper in the premises.

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND                    46

Dated this 26th day of September, 2019.

        LERNER LAW FIRM;
        VISCOMI, GERSH, SIMPSON & JOOS, PLLP; and
        McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.


        By:  /s/ Brian M. Joos

        Co-Counsel for Plaintiff


## JURY DEMAND

Plaintiffs and the class demand trial by jury on all legal issues.

Dated this 26th day of September, 2019.

        LERNER LAW FIRM;
        VISCOMI & GERSH, PLLP; and
        McGARVEY, HEBERLING, SULLIVAN & LACEY, P.C.


        By:  /s/ Brian M. Joos

        Co-Counsel for Plaintiff

COMPLAINT, CLASS ACTION CLAIMS AND JURY DEMAND         47