IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARK JOHNSON and MOLLY JOHNSON, husband and wife, individually, and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INS. CO., STATE FARM FIRE AND CAS. CO., and BRITANIE VANMETER,<br><br>　　　　　　Defendants. | CV 20–55–M–DWM<br><br>OPINION<br>and ORDER |

Plaintiffs Molly and Mark Johnson represent a putative class challenging the subrogation practices of their insurer, State Farm. After Ms. Johnson was involved in a car accident with Britanie Vanmeter, State Farm paid Plaintiffs an unspecified amount under their insurance coverages. (Compl., Doc. 4 at ¶¶ 3, 26.) State Farm then subrogated from Vanmeter's insurer, GEICO, which Plaintiffs contend interfered with their right to be made whole. (*Id.* at ¶¶ 3, 25–26.) In September 2019, Plaintiffs filed this case in state court against State Farm and State Farm Fire and Casualty Insurance ("State Farm Fire"), an entity with which they do not hold any policies. Plaintiffs allege a single claim of negligence against Vanmeter

1

(Count 1), and six causes of action against the State Farm entities, including the failure to pay underinsured coverage ("UIM") (Count 2), bad faith (Count 3), breach of contract and the implied covenant of good faith (Count 4), conversion (Count 5), civil conspiracy (Count 6), and aiding and abetting (Count 7). (*Id.* at ¶¶ 32–60.) They also bring class claims (Count 8). (*Id.* at ¶¶ 61–111.)[1] The State Farm entities removed the case to this Court on May 1, 2020, (Doc. 1), and now seek dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. 11). That motion is granted, and the case remanded.

State Farm also requests the Court take judicial notice of a nearly identical complaint filed in another subrogation challenge by plaintiffs' counsel, *Konecky v. Allstate Fire & Casualty Insurance Co.*, CV 17-10-M-DWM. (Docs. 20, 21-1.) The unopposed motion for judicial notice is granted. *See* Fed. R. Evid. 201(b); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

## ANALYSIS

While State Farm seeks dismissal on a number of grounds, Plaintiffs fail to allege basic facts to establish the standing of the named plaintiff in relation to the specific insurance claim at issue. Because that conclusion is dispositive, State Farm's remaining arguments are not addressed.

---

[1] The Complaint skips paragraphs 31, 47, 55.

To have standing, a plaintiff must (1) have suffered an injury in fact that is (2) causally connected and fairly traceable to the challenged conduct and (3) is likely to be redressed by a favorable decision in court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The plaintiff has the burden to establish these elements. *Id*. Where, as here, the defendant contends that the complaint is facially insufficient to establish standing, all allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Leite v. Crane*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### A. UIM Claim and Mandatory Appraisal

State Farm first argues that Plaintiffs' UIM claim is not ripe because it was not presented to State Farm prior to filing suit, which is a condition precedent to recovery under Montana law. *See Steadele v. Colony Ins. Co.*, 260 P.3d 145, 150 (Mont. 2011). Plaintiffs concede they did not previously present their UIM claim,[2] (Doc. 18 at 6), and it is not yet ripe.

### B. Made Whole Claims

State Farm argues that under *Chandler v. State Farm Mutual Automobile Insurance Co.*, 598 F.3d 1115 (9th Cir. 2010), Plaintiffs lack standing to pursue claims based on their failure to be made whole because they still have the

---

[2] Plaintiffs also concede they are not pursuing further payments under property damage coverage and they do not dispute the amount of loss or method used by State Farm to calculate property loss. (Doc. 18 at 5–6.)

opportunity to recover their total damages from Vanmeter and her insurer. *Chandler* determined that under California law, a made whole claim is not ripe nor the injury traceable to the insurer if the insured has not sought recovery from the third-party tortfeasor because "there is no indication that the insured will not be made whole if he sues the third-party tortfeasor." *Id.* at 1120. But, as explained in *James Lee Construction v. GEICO*, a plaintiff has a concrete interest under Montana law in recovering from the at-fault driver before his insurer subrogates and, by alleging damages in excess of policy limits, can show that his insurer's subrogation creates a substantial risk that he will not be made whole. 2020 WL 4596766, at *2 (D. Mont. Aug. 11, 2020). But that is not the case here.

Here, Plaintiffs do not allege facts to show that there is even a potential—let alone a substantial risk of—deficiency of coverage in light of State Farm's actions. Plaintiffs have not alleged the amount of their damages, the amount State Farm subrogated, or Vanmeter's policy limits. This distinguishes this case from both *James Lee Construction* and *Konecky*, wherein the pleadings contained allegations of specific recoveries, coverages, and limits that, accepted as true, showed an insurer's subrogation harmed the plaintiffs' ability to fully recover. (*See* Doc. 21-1 at ¶¶ 2, 4–5, 24–26.) The absence of those allegations here are fatal. This Court lacks subject matter jurisdiction over Plaintiffs' claims and the matter must be remanded to the state court. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193,

1196 (9th Cir. 2016). It is therefore unclear what State Farm gained by removing this case and immediately seeking to dismiss for lack of standing as "[s]tate courts are not bound by the constraints of Article III." *Id.*

## CONCLUSION

Based on the foregoing, IT IS ORDERED that State Farm's motion for judicial notice (Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that State Farm's motion to dismiss (Doc. 11) is GRANTED insofar as the case is REMANDED back to the Montana Eleventh Judicial District Court, Flathead County.[3] The Clerk is directed to transfer the case file and close the case.

DATED this 18th day of August, 2020.

_____  10:17 AM
Donald W. Molloy, District Judge
United States District Court

---

[3] Although there is no indication that Plaintiffs lack standing to pursue their negligence claim against Ms. Vanmeter, removal was based on jurisdiction under the Class Action Fairness Act. Plaintiffs are not diverse from Ms. Vanmeter and there are no class claims against her.